Clarke v. Laird.

*v. Missouri Pacific R'y*, 26 S. W. Rep. 702 (Sup. Ct. Mo.); *Bank v. Thomas*, 2 Mo. App. 367, expressly overruled. *Cornwell v. Wulff*, 27 S. W. Rep. 659. See cases also cited in *Maloney v. Railroad*, 26 S. W. Rep. 704, at bottom.

DANIEL F. CLARKE, Respondent, v. GEO. W. LAIRD, Appellant.

Kansas City Court of Appeals, January 14, 1895.

1. **Partnership**: COMMON MEMBER: SALES: POSSESSION. One partnership may sell to another partnership composed in part of the same persons since the two concerns are different legal entities with capacity to buy and sell. There may be a delivery of possession by one to the other.

2. **Fraudulent Conveyances:** SALES: CREDITOR. When a third person seeks to attack a sale valid between the parties, he must show that he is a creditor, not a general one but an attachment, or judgment, or execution creditor.

3. ———: REPLEVIN: OFFICER.   In replevin between a third person and an officer who claims to hold under process at the suit of a creditor, it devolves upon the officer to prove the process and he must show the alleged indebtedness and the writ.

4. ———: OFFICER: ATTACHMENT.   But where it appears that there is no sale in fact and that the pretended sale is a mere scheme to cover up the property for the vendors, the officer in replevin by the pretended vendee, only needs to show a proper attachment writ in proper form from a proper source, as in such state of case his contest is against the fraudulent vendor.

*Appeal from the Cass Circuit Court.*—HON. W. W. WOOD, Judge.

AFFIRMED.

*J. R. Jones, T. B. Wheeler* and *Burney & Burney* for appellant.

(1) To constitute a valid sale of goods and chattels by a vendor in possession it must be followed by delivery within a reasonable time and an actual and continued change of possession of the things sold.   R. S. 1889, sec. 5178.   The change of possession must be open, notorious and unequivocal, such as to apprise the community that the goods have changed hands,—that they have passed out of the custody of the seller and into that of the buyer. *Claflin v. Rosenburg*, 42 Mo. 439; *Wright v. McCormick*, 67 Mo. 426; *State ex rel. v. Bennett*, 70 Mo. 275; *Bishop v. O'Connell*, 50 Mo. 158; *Stern v. Henley*, 68 Mo. 262; *Mills v. Thompson*, 72 Mo. 367; *Stewart v. Nelson*, 79 Mo. 524; *State ex rel. v. Donnelly*, 9 Mo. App. 520; *Knoop v. Nelson*, 26 Mo. App. 311; s. c., 102 Mo. 157; *Harmon v. Morris*, 28 Mo. App. 330; *Cuomo v. Hall*, 45 App. 299; *Dyer v. Balseley*,

Clarke v. Laird.

40 Mo. App. 559; *Wood v. Loomis*, 21 Ill. 604. (2) The possession contemplated by the statute excludes the idea of a joint or concurrent possession by the vendor and vendee. *Claflin v. Rosenburg, supra; Massey v. Allen*, 84 U. S. (17 Wall) 351; *Donovan v. Gathe*, 32 Pac. (Col.) 436; *Ewing v. Merkley*, 4 Pac. (Utah) 244; *God chaux v. Milford*, 26 Col. 316. (3) Plaintiff failed to produce as witnesses the Morgans, who were alleged to have participated with him in the fraud, although they were present in the court room at the trial. *Baldwin v. Whitcomb*, 71 Mo. 651.

*P. D. Hastain* and *Henry P. Lay* for appellee.

(1) Where there is no substantial conflict in the evidence as to the delivery of possession, it is the duty of the court to declare whether there has been a sufficient delivery or not. 1 Thompson on Trials, sec. 1163 and note; *Glass v. Galvin*, 80 Mo. 297; *Conrad v. Fisher*, 37 Mo. App. 391; *Rickey v. Zepenfeld*, 64 Mo. 277; *Glasgow v. Nicolson*, 25 Mo. 39; *Holly v. K. C. R'y Co.*, 34 Mo. App. 206. (2) The evidence in this case shows a good and sufficient delivery of the goods in question. *Criley et al. v. Vasel*, 52 Mo. 445; *Elliott v. Keith*, 32 Mo. App. 119; *Pollard v. Farwell*, 48 ·Mo. App. 42. (3) In an action of replevin against a sheriff claiming to hold under a writ of attachment, by a stranger to the attachment suit, the sheriff can not make a *prima facie* case, or question the title of the plaintiff without producing the attachment writ, with his return thereon, and the proof of the debt, and must go further and show that the petition, affidavit and bond as required by the statute, were filed in a court of competent jurisdiction, before the issue of the writ under which he acts. *Boot & Shoe Co. v. Bain*, 46 Mo. App. 581; 2 Greenleaf on Evidence [7 Ed.], p.

634, sec. 584; page 638, sec. 589; page 644, sec. 597; Abbot on Trial Evidence, 201, par. 19.

ELLISON, J.—This is an action of replevin, in which plaintiff recovered below; the court giving a peremptory instruction in his behalf.

The facts of the case are these: V. V. Morgan & Brothers was the name of a mercantile partnership at Warsaw, Missouri. W. L. Morgan & Company was the name of a mercantile partnership at Melton, a town about eighteen miles from Warsaw. The latter firm was composed of this plaintiff and the Morgan brothers, the latter alone composing the first firm. That is, the two firms were composed of the same men, except that plaintiff was a member of the firm of W. L. Morgan & Company and was not a member of the firm of V. V. Morgan & Brothers. V. V. Morgan & Brothers sold their stock of goods to W. L. Morgan & Company, in April, 1893, and immediately shipped them to Melton, where they were received by W. L. Morgan & Company. In the month of July following, the defendant, as sheriff, levied several writs of attachment on these and other goods in the possession of W. L. Morgan & Company, the attachment having been sued out by alleged creditors of V. V. Morgan & Brothers and the goods seized thereunder as the property of the latter firm.

We have stated that the purchase was made by W. L. Morgan & Company and that possession was delivered to them, and that the sheriff found them in possession when he made the seizure. We have thus stated it, for the reason that it seems to us that that is the way the evidence fixes it. This suit, however, is in the name of plaintiff only. Why he should have been made sole plaintiff, when it is clear that the property levied on was the property of the partnership of which he was a member, we do not know. The fact that he

furnished the capital with which to run the partnership did not, under the partnership agreement, in the least alter the ownership of the goods, of which the partnership was possessed. But, however this may be, no point is made here as to such defect of parties plaintiff nor was any made in the trial court on this phase of the case, and we will, of course, treat the case solely on the theory on which it was treated below,—we will not interpose objections which the parties themselves have waived. This rule has been so frequently stated as scarcely to require mention now.

The points presented here are that there was no open, exclusive, continuous and notorious change of possession, such as is required by statute, and that, conceding there was such a change of possession, the sale itself was fraudulent, as against the creditors at whose suit the defendant sheriff seized the property.

We are satisfied that there was a sufficient change of possession established by the uncontradicted testimony. The goods were sold by V. V. Morgan & Brothers to W. L. Morgan & Company, and were taken from the town of Warsaw to the town of Melton; and whether the delivery to the latter firm was at Warsaw or at Melton will make no difference, since they were, at one place or the other, so delivered, and were kept in possession of the latter firm at Melton for several months prior to the attachments. That the two firms were not one and the same was unquestionably established. And, aside from the situation of the parties, and of the actual transfer of the property from one place to the other, there was abundant evidence, which, when considered with these facts, conclusively showed that the change of possession was notorious and unequivocal, unless the fact that the vendor firm and the vendee firm were composed in part of the same persons, can affect that question.

Clarke v. Laird.

In answer to that, we state our opinion to be that there is no legal disability on one partnership from making a sale to another and different partnership, composed in part of the same persons. The two concerns are different legal entities, each with legal capacity to buy or sell goods, wares and merchandise. The fact of a person being a creditor of one of these firms does not make him the creditor of the other, nor do the dealings of one affect the dealings of the other. They are in this respect, as a partnership, as much individualized, as if they were individuals acting in separate capacities. The vendor firm of V. V. Morgan & Brothers was shown to be just as distinct and different from the firm of W. L. Morgan & Company as two individuals could be. The one had legal capacity to be a vendor, and the other such capacity to be a vendee; and the evidence makes a case of a complete exercise of these rights, in the manner and form required by the statute and authorities from this and other courts, which the defendant's counsel have cited in their brief.

2. There is this further consideration which leads to an affirmance of the judgment, regardless of the foregoing. The whole case shows that W. L. Morgan & Company were in possession of the property at the time of the levy. The case further shows that there was, at least between the parties, a valid sale. If, then, the sale is to be held invalid, it must be for the reason that it has affected the rights of creditors of the vendor, for the statute is, that a sale, without compliance with certain provisions therein named, shall be void as to creditors. So, therefore, when a third person seeks to attack a sale, valid between the parties, he must show that he is a *creditor*, for otherwise it is no concern of his. He must be, not merely a general creditor, or creditor at large, but an attachment or judgment creditor. And if the question arises

in replevin between the third person and an officer who claims to hold the goods under process, issued at the suit of a creditor, it devolves upon him to prove the process; that is, if the process be an execution, he must also show a valid judgment, as this would establish the debt and justify the execution. If the process be an attachment and the officer is sued in replevin and he claims a return of the property, or the right to still hold it, he must show an indebtedness to the alleged creditor, on the part of the defendant in the attachment, and also the attachment writ, under which he seized the property, as well as the necessary requisites to issuing and levying the writ; for it is only by the existence of these things that he is justified in claiming the property. We decided this question, as it relates to a case of trespass, in *State ex rel. v. Rucker*, 19 Mo. App. 587; and as to replevin, in *Kendall Boot & Shoe Co. v. Bain*, 46 Mo. App. 581.

This case is in replevin and the defendant sheriff is not only seeking defensively to justify the trespass in seizing the goods, but he claims the affirmative right to still hold them and demands their return. He should therefore show that which we have stated to be necessary in such case, in order to confer upon him such right. *Brown v. Bissett*, 21 N. J. L. 46. Whether he could excuse himself in trespass by showing the debt and writ, without going further and showing the foundation for the writ, is, of course, not involved here. Defendant did not show these things which are requisite to his right to question the sale and for this reason, if for no other, the peremptory instruction will be upheld.

3. As before stated, the case shows an actual sale valid between the parties. But if it had appeared that there was, in fact, no sale, and that it was a device—a mere scheme whereby the pretended vendees were to

hold the property under cover for the vendors, then, in that case, the officer, in replevin by such pretended vendees, would need only to show a proper attachment writ, in proper form and issued from the proper source. In such state of the case, his contest is, in reality, against the fraudulent vendor.

The result is that we must affirm the judgment. All concur.