J. R. KELLEY, Respondent, v. LONDON GUAR-ANTEE & ACCIDENT COMPANY, Appellant.

Kansas City Court of Appeals, January 5, 1903.

Indemnity Insurance: PARTNERSHIP: LIABILITY: INDIVIDUAL NEGLIGENCE. An insurer indemnifying a partnership against loss by accident to its employees from the negligence of the partnership, is only liable when the injury happens to the employee while engaged in the work of the partnership and by reason of the negligence of the partnership; and there is no liability for the individual negligence of a member of the partnership when not engaged in the partnership business.

Appeal from Jackson Circuit Court.—*Hon. John W. Henry,* Judge.

REVERSED.

*Amos H. Kagy* and *George Horn* for appellant.

(1) The first point we make is, we think, decisive of this case. Under the facts as disclosed by the record plaintiff's case must fall for a failure of proof. His petition does not state a cause of action, nor do the proofs make a case. He does not establish a legal demand. The action is based upon a contract of guaranty, or indemnity, running to a co-partnership composed of respondent, John R. Kelley, and his brother, William Kelley, the firm being denominated in the contract, the "assured." (2) The contention is that the firm is a legal entity and that the persons composing it are but its representatives in its business and their individuality is merged in the firm. And this is the view of the English courts. Pooley v. Dried, 5 Ch. Div. 458-476; Curtis v. Hollingshead, 2 Green, N. J. L. 403; Henry v. Berdner, 77 Ind. 361; Robertson v. Caswell, 39 Mich. 737; Cross v. Bank, 17 Kan. 336; For-

syth v. Wood, 2 Wall. 486; Clark v. Laird, 60 Mo. App. 289; Fowler v. Williams, 62 Mo. 403. (3) It will not be contended that the defendant can be held liable until the "assured," has been damnified. Before any liability can arise under the contract the court must say that J. R. Kelley, as an individual, is the "assured," and this court can not under any known theory of law, construe this contract as an undertaking to indemnify J. R. Kelley. The claim against the guarantor is said to be *strictissimi juris* and that the written guaranty when free from ambiguity, is the sole criterion to fix the limits of his engagement. Brant on Suretyship, section 79, and cases cited; Blair v. Ins. Co., 10 Mo. 560; Bauer v. Cabanne, 105 Mo. 110; Braker v. Stone, 47 Mo. App. 530; Erath v. Allen, 55 Mo. App. 107; Adam v. Bank, 70 Mo. 524; Mitchell v. Railton, 45 Mo. App. 273.

*Edwin S. McAnany* and *Samuel Maher* for respondent.

(1) A partnership is not an entity, like a corporation. On the contrary it is a mere association of natural persons each of whom is liable separately as well as jointly, both on contracts and for torts, for the full amount of damages for which the firm has become liable; and one partner may be compelled to pay out of his individual property the entire liability of the firm. A firm can not be sued in its partnership name, at common law, in Missouri, nor in Kansas. (2) The court of common pleas of Wyandotte county, Kansas, granted a new trial to William Kelley, and rendered judgment against John R. in favor of Mr. Ford. Appellant claims this adjudicates that the firm was not liable to Mr. Ford. By no means. The granting of new trial to William did not adjudicate anything. It did not even dismiss William from the suit. It simply reopened the controversy between William and Ford, and gave William another chance to defend himself. But Mr. Ford had a judgment against John R. who was solvent

and good.   He collected it from John R., and that is all there is of this phase of the case.   Tenny v. Forte, 95 Ill. 108; Dudley v. Love, 60 Mo. App. 420; Manufacturing Co. v. Perkins, 43 N. W. 1097; Linton v. Hurley, 14 Gray 191; Hyrne v. Erwin, 23 S. C. 226; 55 Am. Rep. 15.   (3) The fact that the negligence of John R. caused the accident will not prevent him from recovering.   One of the objects which the assured had in view in taking out the policy was to obtain indemnity for their own negligence.   Such was the understanding of the company when it wrote this policy.   Ins. Co. v. Sullivan, 39 Kan. 449.

ELLISON, J.—This action is based on a policy of indemnity insurance.   The judgment in the trial court was for the plaintiff.

It appears that plaintiff and his brother William were partners in the cooperage business in the State of Kansas under the firm name of "J. R. Kelley & Brother."   That in the prosecution of their business they employed a number of men, among them one Ford. Some hazard being connected with the business they took from defendant a policy of insurance, whereby defendant, in consideration of certain warranties and $112 premium, agreed "to indemnify J. R. Kelley and Brother" for the term of one year, "against loss from common law or statutory liability for damages on account of bodily injuries, fatal or non-fatal, accidentally suffered by any employee," etc., on account of the negligence of the assured.   The policy provided that: "No action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a *judgment after trial of the issue.*   No such action shall lie unless brought within the period within which a claimant might sue the assured for damages unless at the expiry of such period there is such an action pending against the assured, in which case an action may be brought against

Vol 97 app—40.

the company by the assured within thirty days after final judgment has been rendered and satisfied as above.''

During the life of the policy Ford and J. R. Kelley were engaged in experimenting with a machine belonging to the firm, when Ford was injured. He thereafter sued the partnership in the State of Kansas charging liability to him on account of negligence which he set forth in his petition. This defendant was notified of the suit and took part in the trial which resulted in a judgment for Ford for $1,000 against both members of the partnership. A motion to set aside the verdict and grant a new trial was filed and sustained as to William Kelley, but overruled as to plaintiff herein, J. R. Kelley. The latter appealed to the Court of Appeals in Kansas where the judgment was affirmed. After the court set aside the verdict as to William and rendered judgment against J. R. alone, this defendant took no further part in the case, claiming that it was only liable for that which the partnership was liable for to the employee. Afterwards, J. R. Kelley paid the judgment, interest and costs to Ford and then brought the present action against defendant on the policy and obtained judgment as aforesaid.

Defendant seeks to avoid the judgment on the ground that the partnership was not adjudged liable for the accident to Ford, it being a part of defendant's contention that the court in Kansas by setting aside the verdict as to William Kelley and rendering judgment against J. R. alone, decided that the liability to Ford was not a partnership liability.

We are of the opinion that where the contract of indemnity is to indemnify for loss occasioned by accidents to employees of a partnership for negligence of the partnership, in order to render the insurer liable the accident must happen to the employee while engaged in work for the partnership and by reason of the negligence of the partnership; and that this must be made to appear by the judgment of the proper court. A partnership is a separate legal entity from the individual

members composing it. Clark v. Laird, 60 Mo. App. 289; Curtis v. Hollingshead, 2 Green. 403; Henry v. Bergner, 77 Ind. 361; Robertson v. Caswell, 39 Mich. 737; Rope v. Herron, 15 Neb. 73; Cross v. Bank, 17 Kan. 336. And when one agrees to indemnify a partnership for damages resulting to it on account of its negligence, he does not become liable for loss to an individual for his individual negligence, as such, as distinguished from such negligence as would render the partnership liable as such. We are not unmindful that the negligent act of the individual member becomes the act of the partnership when committed in due prosecution of the partnership business. Dudley v. Love, 60 Mo. App. 420; Linton v. Hurley, 14 Gray 191. But in order to render liable an indemnitor like this defendant, it must be made to appear that the negligent act of the individual member was such an act as made it the act of the partnership.

In this case a court of competent jurisdiction refused to enter judgment against one of the two members of the partnership, but did enter it against the other as an individual. It does not appear what the reasons of the court were for such action; but it must have been on the ground that the negligent act of J. R. Kelley was not the act of the partnership and therefore not binding on William. However that may be, certainly the proceedings had in the case, taken as a whole, do not make it appear that the partnership was liable.

The result of the foregoing views is to reverse the judgment. All concur.