## Rock Springs Distilling Company v. Employers' Indemnity Company of Philadelphia.

### (Decided October 16, 1914.)

### Appeal from Daviess Circuit Court.

Insurance—Indemnity—When Insurer Not Liable.—Under an indemnity policy providing that no action shall lie except for money paid by the assured in satisfaction of a final judgment against him, the insurer is not liable, although the insured employed counsel and defended the suit, in which judgment had been rendered against another for a tort committed by him, the insured not being a party to the action, but having paid the judgment.

W. T. ELLIS for appellant.

MILLER, SANDIDGE & MALIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The Rock Springs Distilling Company is the owner of an automobile, and in May, 1912, the Employers' Indemnity Company issued to it a policy, insuring it against injuries to persons or property by the automobile. Silas Rosenfeld was a large stockholder, a director and the general manager of the Distilling Company. While the policy was in force, the automobile when operated by the chauffeur of the Distilling Company was used to carry Silas Rosenfeld and some other persons to their homes, and while so engaged, it injured the horse of Guy W. Hazel. Hazel thereupon brought suit in the Daviess Circuit Court against Silas Rosenfeld to recover for the injury to his horse. Upon the filing of the suit, the Distilling Company notified the Indemnity Company of its institution, and requested it to defend the action. This it failed to do. The Distilling Company

then defended the suit, employed counsel, and undertook to show that there was no liability. But on a trial of the case there was a verdict and judgment against Rosenfeld, the Distilling Company not being a party to the action. The Distilling Company paid the judgment; it then brought this suit against the Indemnity Company to recover the amounts it had paid out on the judgment and in defending the suit. The circuit court dismissed its petition.

The policy, among other things, contained this provision:

"No action shall lie against the company under this policy, unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid in money by him after trial of the issue, in satisfaction of a final judgment against him, nor unless such action is brought within ninety days after such judgment has been paid and satisfied as aforesaid."

It will be observed that by the policy no action lies against the company under it unless it is brought by the assured to reimburse him for a loss paid in money by him after trial of the issue in satisfaction of a final judgment against him. It will also be observed that the Distilling Company was not sued by Hazel, and that no judgment was ever rendered against it. The judgment was against Silas Rosenfeld. The facts upon which that judgment was based are not before us, and in the absence of the facts it must be presumed that there was negligence on the part of Rosenfeld warranting the judgment. The indemnity Company did not insure Rosenfeld against any loss that he might sustain by reason of the automobile injuring another person's property. It is true the Distilling Company employed counsel and defended the action, but there has in fact been no judgment against it. The rule announced in Schmidt v. L., C. & L. R. Co., 99 Ky., 143, that one who conducts the defense to an action is concluded by the judgment, has no application here. It cannot be maintained that a stranger who voluntarily employs counsel and defends a suit for a tort committed by the defendant, is by reason of this, if unsuccessful, bound for the payment of the judgment against the defendant. When the Indemnity Company insured the Distilling Company and not Rosenfeld, the Distilling Company could not, by its voluntary act in defending the suit against Rosenfeld, add to the

liability of the Indemnity Company, and thus make it indemnify Rosenfeld against the consequences of his negligence. If the distilling Company had not defended the suit brought by Hazel against Rosenfeld, clearly there would have been no liability of the Indemnity Company for the payment of the judgment against Rosenfeld.

To allow the Distilling Company, by its voluntary act of defending the suit, to bring within the policy a loss for which the insured would not otherwise be liable, would be to impose upon the insurer a risk it did not assume.

Judgment affirmed.