Sullivan,  }
May 4, 1920. }

FRANK STEINFIELD *v.* MASSACHUSETTS BONDING AND INSURANCE CO.

An insurer against the liability imposed on another by law "by reason of the ownership, maintenance and use" of an automobile is liable for the amount chargeable to the plaintiff on account of a judgment, recovered against the firm of which he is a member, for injury received by a third person from the operation of the car by a co-partner about the partnership's business.

ASSUMPSIT, on an indemnity policy. The defendants insured the plaintiff against liability for loss imposed on him by law "by reason of the ownership, maintenance and use" of his automobile. The plaintiff was a partner in the firm of B. Steinfield Sons and used the machine in the partnership business.

One of the partners while driving the machine, ran into one Dean, and he recovered a judgment against the firm, which the firm satisfied, and a deduction was made from the interest of the plaintiff in the partnership business. The question whether the plaintiff can maintain this action was transferred from the May term, 1919, of the superior court by *Marble*, J., without a ruling.

*Hurd & Kinney (Mr. Hurd* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway (Mr. Jonathan Piper* orally), for the defendants.

. YOUNG, J. If the language of the policy is given its ordinary meaning, the defendants are liable for any loss the plaintiff sustains

during the life of the policy because "of the ownership, maintenance and use" of his automobile, provided liability for the loss was imposed on him by law. In other words, the question whether the defendants are liable for the Dean judgment, does not depend on whether the plaintiff was using the machine on his own business where the accident happened, but on whether the law made him liable for Dean's loss. The test, therefore, to determine whether the plaintiff can maintain this action is to inquire whether Dean could have enforced the judgment against him; and that he might is clear.

The fact a partner is individually liable for the debts of his firm distinguishes this case from those on which the defendants rely, for in *Kelley* v. *Company*, 97 Mo. App. 623, the partnership was suing to recover for the loss one of the partners sustained. And in *Rock Springs &c. Co.* v. *Company*, 160 Ky. 317, the corporation was suing to recover the loss one of its stockholders sustained, and while a partner is individually liable for the debts of his firm, a partnership is not liable for the debts of the individuals who compose it, neither is a corporation liable for the debts of its shareholders.

In other words, in these cases liability for the loss the plaintiffs were seeking to recover was not imposed on them by law, while in this case liability for the loss the plaintiff is seeking to recover was imposed on him by law. It follows from the fact Dean might have enforced his judgment against the plaintiff that the defendants are liable for all the loss that he sustained by reason of the Dean suit. For example, if he had paid the judgment and the expenses incident to defending the suit, he could recover the amount so paid from the defendants, and they could maintain an action under condition "E" of the policy, for an accounting against the members of B. Steinfield's Sons, or against the one who was driving the machine at the time the accident happened, if as between the partners he was liable for the loss the firm sustained by reason of the Dean suit. That, however, is not the case, for the firm paid the judgment and the expenses of defending the suit, consequently the plaintiff can only recover in this suit the amount with which he would be charged because of the Dean suit on an accounting, and if he succeeds in this suit and the defendants satisfy the judgment he recovers against them, they will be subrogated to his rights to proceed against the one who drove the machine.

*Case discharged.*

PEASLEE, J., was absent: the others concurred.