THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIM-ITED, OF LONDON, ENGLAND, Subrogated to the Rights of FRANK G. SHATTUCK COMPANY, Respondent, *v.* THE INTER-NATIONAL MILK PRODUCTS COMPANY, Appellant.

First Department, May 28, 1920.

Insurance — policy against liability caused by negligence — payment of judgment by insurance company — failure of party liable to defend negligence action brought against insured — subrogation of company paying judgment to rights of insured — payment of judgment from funds of insured not essential to subrogation.

Where the plaintiff issued a general liability policy of insurance to a cor-poration " against loss from the liability imposed by law " upon it " for damages   *   *   *   on account of bodily injuries accidentally suffered by any person or persons other than " its employees " while within or upon said premises," and paid the amount of a judgment obtained against the insured by a person who was injured through the negligence of the defendant, whose employee left an unguarded opening in the sidewalk in front of

the insured's premises, which action the defendant refused to defend when called upon to do so, the plaintiff is subrogated to the rights of the insured and may recover of the defendant, and a demurrer to a complaint stating the facts aforesaid cannot be sustained on the theory that the payment of the judgment by the plaintiff for and in behalf of the insured was voluntary so that no loss to the insured is established under the policy.

It is not essential to the right of subrogation that the payment of the judgment should have been made from the funds of the insured, especially so, where the policy itself contained a clause providing for subrogation.

APPEAL by the defendant, The International Milk Products Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of February, 1920, overruling the defendant's demurrer to plaintiff's amended complaint.

*Daniel R. Harvey* of counsel [*James B. Henney*, attorney], for the appellant.

*Walter L. Glenney* of counsel [*Bertrand L. Pettigrew*, attorney], for the respondent.

LAUGHLIN, J.:

The plaintiff in the right of the Frank G. Shattuck Company, by subrogation, brings this action to recover the amounts of judgments recovered against said Shattuck Company by one Marie Ethel Barker together with the costs and expenses incurred by plaintiff for the Shattuck Company pursuant to an indemnity policy of insurance issued to it by plaintiff in defending the action brought against it by said Marie Ethel Barker. The plaintiff alleges that on the 20th of November, 1915, the Shattuck Company was in possession of the premises No. 383 Fifth avenue, borough of Manhattan, New York, and was there conducting one of its retail stores; that on said day said Marie Ethel Barker, while lawfully using the sidewalk in front of the premises, stepped into an opening and sustained personal injuries and thereafter brought an action against the Shattuck Company therefor and recovered a judgment which was modified by this court with respect to the amount and affirmed and as so modified affirmed by

the Court of Appeals; that the injuries for which the recovery was had were primarily due to the negligence of the defendant, whose employee in delivering milk to the basement of said premises opened one of the metallic doors in the sidewalk covering an elevator descending therefrom to the basement and left it open and unguarded while he descended in delivering the milk, and that in the meantime said Marie Ethel Barker stepped into the opening; that the Shattuck Company at said time was the holder of a general liability policy of insurance issued by the plaintiff, a corporation organized under the laws of England and duly authorized to do business here indemnifying the Shattuck Company "against loss from the liability imposed by law" upon it "for damages * * * on account of bodily injuries accidentally suffered by any person or persons other than" its employees "while within or upon said premises * * * or the premises or ways adjacent thereto" occurring during the period covered by the policy, a copy of which is annexed to and made a part of the complaint. One of the conditions of the policy designated "Condition G" was as follows: "Condition G. In case of payment of loss or expense under this policy, the corporation shall be subrogated to all rights of the assured against any party, as respects such loss or expense, to the amount of such payment, and the assured shall execute all papers required and shall cooperate with the corporation to secure to the corporation such rights." It is further alleged that the accident to Marie Ethel Barker came within the provisions of the policy and was covered thereby and that on the 29th day of May, 1919, after the affirmance of the judgment by the Court of Appeals and the entry of judgment of affirmance with costs of the appeal to the Court of Appeals, plaintiff, pursuant to the provisions of the policy and on behalf of the Shattuck Company, paid the sum of $2,014.40 to Marie Ethel Barker in satisfaction of the judgments and interest thereon; that the Shattuck Company duly and timely gave notice to the defendant of the commencement of the action by Marie Ethel Barker and that the accident was caused by the negligence of its servant and agent and that it would hold the defendant responsible for any damages recovered therein and demanded that the defendant come in and defend

the action, but that defendant failed and neglected so to do and that the Shattuck Company defended the action in good faith and to the best of its ability through the plaintiff, acting under and pursuant to the provisions of said policy, and in so doing plaintiff for the Shattuck Company laid out and expended for necessary counsel fees, witness fees and other expenses the sum of $1,162.54, which was a reasonable expenditure therefor and was necessarily incurred by the Shattuck Company and by plaintiff so acting for it in the defense of the action, and that by reason of the premises plaintiff has become and is now subrogated to all the rights of the Shattuck Company against the defendant, including the right to recover from the defendant the judgments and the money expended in the defense of the action, aggregating the sum of $3,176.94, payment of which amount has been duly demanded of the defendant, but it has neglected and refused to pay the same, and judgment therefor is demanded.

The sole and only contention of the appellant is that the policy was an indemnity policy and that it is not shown that the insured sustained any loss. The argument in support of the appeal is that the plaintiff voluntarily paid the judgments and expenses incurred in defending the action, and that there being no allegation that the insured was solvent, there can be no recovery. The contention that the policy is one of indemnity with respect to damages and not for liability merely is sound, but I am unable to agree with the contention that it was essential to a right of action in the plaintiff by subrogation that the payment should have been made by the Shattuck Company from its own funds. Its liability had been finally determined by the judgment of affirmance by the Court of Appeals, which was a lien upon any real property it might have and which deprived it of the right to transfer any of its personal property freely, inasmuch as such a transfer might be challenged on the ground that it was made to hinder, delay and defraud this judgment creditor. The liability of the defendant to the Shattuck Company for reimbursement did not depend upon the collectibility of the judgments or the financial condition of the Shattuck Company. The Shattuck Company was under no obligation to the defendant to jeopardize its financial standing by awaiting

First Department, May, 1920.          [Vol. 192.

the issuance of executions on the judgment.   It was at liberty, so far as the defendant is concerned, to borrow the money and pay the judgment even though it was insolvent or on the verge of insolvency.   It was not essential that the judgments should be paid by its own funds.   It was quite sufficient if they were paid for it, either by a loan or a gift of the money to it for that purpose or at its request, by which it would incur an independent liability for reimbursement.   In either instance, it would be entitled to recover over against defendant and it would incur a *loss* within the terms of the policy by the payment of the judgments.   So here, the plaintiff being liable to the Shattuck Company and the Shattuck Company being desirous of having the judgments satisfied of record, it was at liberty to satisfy them directly through the plaintiff in the performance of the plaintiff's liability to it, for it is alleged that the plaintiff paid the money for and in behalf of the Shattuck Company.   Upon such payments, by virtue of the provisions of condition G of the policy herein quoted, the plaintiff became subrogated to all of the rights of the Shattuck Company against the defendant.   If there were no precedent in point to that effect, we would have no hesitancy in so holding; but this court has already in effect so held in *Royal Indemnity Co.* v. *Hasslacher* (189 App. Div. 935), in which we affirmed without opinion a judgment for the plaintiff. The learned counsel for the appellant is in error in stating in his points that on that appeal the point he now makes was not presented.   It was pointedly presented and decided adversely to a like contention then made for the appellant therein by the attorney of record for the defendant herein. In that case the plaintiff by virtue of its policy of insurance had paid a judgment recovered against the insured, without even having been requested so to do by the insured, and it was argued that inasmuch as the insured had not paid the judgment, it had sustained no loss or damages and could not recover of the defendant, who was primarily liable, and that, therefore, there was no cause of action in favor of the insured to which the plaintiff could become subrogated, which is precisely the same point as that made on this appeal, and the same and other authorities were cited in support thereof. Moreover, in the recent case of *Wanamaker* v. *Otis Elevator*

*Company* (228 N. Y. 192) it was held that an insurance company, on recognizing its liability and paying a judgment for costs against the insured, became thereby subrogated to the rights of the insured against the party primarily liable, which is the precise point presented by the appeal. No question with respect to the *amount* which the plaintiff may be entitled to recover has been argued on the appeal, and since the plaintiff is entitled to recover, at least, the amount paid to satisfy the judgments, the demurrer was properly overruled. It follows that the order should be affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw the demurrer and to answer on payment of said costs and ten dollars costs at Special Term.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to defendant to withdraw demurrer and to answer on payment of said costs and ten dollars costs at Special Term.