LONDON GUARANTEE AND ACCIDENT COMPANY, LIMITED *v.* OTIS ELEVATOR COMPANY.

[No. 12,449.   Filed February 3, 1927.   Rehearing denied April 29, 1927.]

INSURANCE.—*Liability insurance company that has paid judgment against insured for personal injuries to another, for which insured was liable, may recover, by way of subrogation, from party primarily responsible for such injuries.*—An insurance company which had insured the owner of a build-

ing against liability for injuries to persons through the operation of an elevator therein may, after paying a judgment against said owner for personal injuries to a passenger on said elevator resulting from the failure of a safety device thereon to work and hold the elevator in position until released, recover from the elevator company that furnished and installed the device, by way of subrogation to the rights of the owner of the building, for the breach of an implied warranty that it would prevent accidents of the kind which resulted in the injuries (*Daugherty* v. *Herzog*, 145 Ind. 255, *Travis, Admx.*, v. *Rochester Bridge Co.*, 188 Ind. 79, and *Laudeman* v. *Russell & Co.*, 46 Ind. App. 32, distinguished).

From Marion Superior Court (A 15,630) ; *Linn D. Hay,* Judge.

Action by the London Guarantee and Accident Company, Limited, against the Otis Elevator Company. From a judgment for the defendant, the plaintiff appeals. *Reversed.* By the court in banc.

*Orbison, Zechiel & Orbison,* for appellant.

*Sims, Welsh, Godman & Stransky, S. E. Quindry, Joseph B. Kealing* and *Martin M. Hugg,* for appellee.

NICHOLS, J.—Action by appellant against appellee, asking to be reimbursed for the amount of money which it was forced to expend in payment and satisfaction of a judgment for $5,000 which one Anna James obtained against the Indianapolis Castle Hall Association, appellant's insured, for injury sustained while riding in one of the elevators of said association, which said elevator had been installed by appellee.

Appellant filed an amended complaint in four paragraphs. In the first paragraph, it was alleged that a contract of express warranty existed between appellee and said association, which was breached by the former, and that appellant was subrogated to the right of action arising out of said breach of contract by virtue of payment of a judgment which said Anna James obtained against said association.

In the second paragraph, it was alleged that a contract of implied warranty existed between appellee and said association, which was breached by the former, and that appellant was subrogated to the right of action arising out of said breach of contract by virtue of payment of said judgment.

In the third paragraph, it was alleged that a contract to inspect, repair and keep in repair existed between the appellee and said association, which was breached by the former, and that appellant was subrogated to the right of action arising out of said breach of contract by virtue of payment of said judgment.

In the fourth paragraph, it was alleged that appellee owed a duty arising under its contract with said association which was negligently and carelessly disregarded by it, and that appellant was subrogated to the right of action arising out of said negligent and careless disregard of said duty.

The substantial facts, as averred in each paragraph of complaint, are:   That said association is the owner of a building in the city of Indianapolis, which is equipped with two elevators, one for the purpose of carrying passengers to and from various floors of said building; that the accident and injury involved occurred in the passenger elevator; that on March 9, 1920, appellant was under a contract with said association, by virtue of which it was bound as an insurer to pay any obligation which such association might incur because of injury to any person through the operation of its said elevators up to and including $5,000; that under the terms of said contract, appellant became subrogated to the amount of any such obligation occurring and paid by it or any moneys expended because thereof, and such subrogation should be to any and all rights against any one as to such loss or expense; that, by virtue of such contract of subrogation, appellant became subro-

gated to any and all rights of said association against appellee because of the injury of one Anna James on March 9, 1920. That on said date of March 9, 1920, said Anna James was injured while in the act of lawfully using said elevator as a passenger; that thereafter, and because of said injury, she filed suit in the superior court of Marion county alleging that she was in the act of riding on said elevator when the same suddenly rose without negligence on her part and that the injury received by her was the result of the sudden rising of the elevator due to a defect in its mechanism which defect she could not describe. That, under the terms of the said agreement between appellant and the said association, it was the duty of appellant to appear and defend the said association in said suit, which it did, first notifying appellee to defend, which appellee failed to do. That, at the trial, and after the court had heard the evidence, there was a finding and judgment for Anna James for damages in the sum of $5,000 and costs; that appellant, in full settlement of the adjudged damages due said Anna James as a result of her injury, paid her $5,000, its attorneys $175, $81.95 as court costs and $100 for other expenses. That, on and prior to March 9, 1920, appellee was engaged in the business of installing safety devices in elevators; that on October 19, 1919, by contract, it sold to and installed for said association a safety device manufactured by it and known as an electric limit switch in such passenger elevator, and did thereafter, until March 9, 1920, inspect said device by virtue of said contract; that said electric limit switch is for the purpose of holding the cage fast in place at its lower limit; and was represented, warranted and guaranteed to said association by appellee, at the time of said sale, and as an inducement for its purchase, to be an absolute safety device that would prevent the cage of the

154    APPELLATE COURT OF INDIANA,

London, etc., Accident Co. v. Otis Elevator Co.—86 Ind. App. 150.

elevator from moving upward, once it had come against and operated the safety; that appellee contracted to install said switch in a workmanship manner, and according to its purpose and intent, and to make whatever repairs and alterations were necessary to insure the proper working of the switch as represented and warranted; that the execution of said contract was left to the judgment of appellee and that it was in no manner interfered with by said association. That said installation by appellee was done in a negligent and· faulty manner, specifying, so that it did not hold the cage as represented, warranted and guaranteed by appellee, but that, on the ninth day of March, 1920, the said switch failed to operate, in that the cage in which the electric limit switch was installed and in operation reached the lower limit of the lift while being operated by a licensed and duly employed elevator operator, and threw said electric limit switch, and became temporarily fastened· and fixed by the operation of said switch, but that thereafter, the said electric limit switch ceased to operate and did not prevent the cage from going up; but, on the contrary, the said cage did rise without interference of the operator or other person at a time when the said Anna James attempted to step out of it; that at said time, as she was in the act of stepping from said cage, the said switch failed to operate and perform and thereby caused said cage to rise suddenly and without warning, and, as a result of said sudden rising, said Anna James was caught in the doorway of said elevator and thrown to the floor of said building whereby she was severely injured and damaged in her person, all as aforesaid, and because of which she sued said association, resulting in the judgment for damages which appellant paid as hereinbefore set out.

To this amended complaint appellee filed a several

demurrer, assigning generally that none of the said four paragraphs stated facts sufficient to constitute a cause of action against appellee, which demurrer was sustained by the court as to each paragraph, to which ruling, appellant at the time excepted, after which, refusing to plead further, final judgment was entered against appellant. The action of the court in sustaining said demurrer as to each paragraph of complaint is the error assigned.

Appellee contends that the amended complaint fails to allege facts sufficient to show that Anna James could have recovered against appellee had she brought suit direct against said corporation, and, therefore, it fails to show that the association had any right of action to which appellant could be subrogated. If the association had no right of action, then the appellant had nothing to which it could be subrogated. But the association did have a right of action against appellee, not however, on the facts averred on the theory of its right of subrogation to Anna James' right of action, but on the theory of appellee's breach of warranty.

All four paragraphs of the amended complaint clearly and specifically allege that the said injury of said Anna James and the necessity of the payment of the sums of money by appellant were the immediate and proximate result of the failure of the said electric limit switch to operate and perform as contracted, represented, warranted and guaranteed by appellee. The association had its right of recovery for breach of the contract of warranty, resulting in the judgment for damages in favor of Anna James, and appellant, as surety, having paid that judgment, now has its action over, by subrogation, against appellee.

In the English case of *Mowbray* v. *Merryweather* (1895), 2 Q. B. 640, 65 L. J. Q. B. (N. S.) 50, 14 Rep. 767, 73 L. T. N. S. 459, 44 Weekly Rep. 49, 59 J. P. 804,

which sustained a judgment for damages against the manufacturer, in favor of an employer who had responded in damages because of the injury of an employee, plaintiffs, who were stevedores, undertook the unloading of a ship of the defendant, who agreed to supply all necessary cranes, chains and other gear for the purpose. One of the chains so supplied was defective and broke, injuring a workman of plaintiffs, who sued them on the ground that they had been negligent in not detecting the defect in the chain. The plaintiffs admitted liability and paid one hundred twenty-five pounds, which they sought to recover from defendant on the ground of breach of implied warranty that the chain was reasonably fit for the purpose for which it was supplied. Lord Esher, M. R., in delivering the opinion of the court, said: "I have no doubt whatever about this case, although this is the first time that the point to be decided has arisen. The action is an action for damages for breach of warranty; true it is that it was for a breach of an implied warranty, but that makes no difference. The plaintiffs say, 'You have warranted this chain to be sound and sufficiently strong for the work which it had to do. It was to be used by us in our business as stevedores in unloading your ship; you supplied it, and you knew that was the purpose for which it was to be used. Moreover, you admit the breach of warranty. Therefore, there was a breach of warranty that the chain should be reasonably fit for the purpose for which it was intended.' That is sufficient to support the plaintiffs' claim in the action for, at any rate, nominal damages. But then the plaintiffs go on to say, 'We have suffered more than nominal damages. The warranty you gave us was upon a contract and you gave it knowing that we should have to let our workmen use the chain. Therefore,

London, etc., Accident Co. *v.* Otis Elevator Co.—86 Ind. App. 150.

when you warranted it you must have known that if the chain turned out to be defective some of our workmen would probably be injured. We knew it, too, and therefore the almost certain result of your breach of warranty would be that the workmen would be hurt, and if so, bring an action against us.' Therefore the stevedores took the chain, and used it; it broke, and because of the defendant's breach of warranty, the inevitable result was that the workman was injured. The next result was that the workman brought his action. It is quite true that the plaintiffs would not have been liable as between themselves and their workmen unless they had been guilty of negligence, but what they say is: 'We were guilty of negligence because of your breach of warranty. We relied upon your warranty and did not examine the chain, and as between you and us there is no question of negligence.' The plaintiffs' contention as to that appears to me quite right, and accordingly we have here an action for breach of warranty, everything that happened being the result of that breach of warranty. The question is whether the damages are too remote. In my opinion the test, as enumerated by Charles, J., in the court below, is the right one. He says that the question is 'whether the damages can be regarded as the natural consequences of the defendant's breach of contract, or in other words, a consequence which might reasonably be supposed to have been within the contemplation of the parties'; and, he might have added, 'a consequence which they ought to have contemplated if they had given reasonably careful consideration to the matter.' Now can anyone doubt that, if the parties in this case had considered the matter with the care which they ought, they would have contemplated that the workman might be injured if the chain was defective? Therefore the consequence

of the plaintiffs' breach of warranty was one which might reasonably be supposed to be within the contemplation of the parties."

The case of *Wannamaker* v. *Otis Elevator Co.* (1920), 228 N. Y. 192, 126 N. E. 718, is very similar to the instant case in principle, and to the Mowbray case, *supra.* In that case, a defective elevator of the same manufacturer as appellee herein was involved, and it was there held that where an elevator was installed by the manufacturer in a department store, and it fell, due to defective equipment, and one injured recovered from the department store, the owner of the store may recover from the seller of the elevator, to the extent that it was not protected by insurance. Other authorities announcing the same principle are: *Boston Woven Hose, etc., Co.* v. *Kendall* (1901), 178 Mass. 232, 59 N. E. 657, 51 L. R. A. 781, 86 Am. St. 478; *Vogan & Co.* v. *Oulton* (1899), 81 L. T. N. S. 435; *Dayton Power & Light Co.* v. *Westinghouse, etc., Co.* (1923), 287 Fed. 439, 37 A. L. R. 849; *Dushane* v. *Benedict* (1886), 120 U. S. 630, 7 Sup. Ct. 696, 30 L. Ed. 810; *Washington Gas Co.* v. *Dist. of Columbia* (1895), 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712; *Travelers Ins. Co.* v. *Great Lakes, etc., Co.* (1911), 184 Fed. 426, 36 L. R. A. (N. S.) 60.

Appellant having paid the judgment to Anna James, under its contract of indemnity, with the association, it thereby became subrogated to all the rights of such association against appellee. *Wannamaker* v. *Otis Elevator Co., supra; Employers' Liability Corp.* v. *International, etc., Co.* (1920), 182 N. Y. Supp. 337, 192 App. 88; *Travelers Ins. Co.* v. *Great Lakes, etc., Co., supra; Frankfort, etc., Ins. Co.* v. *Milwaukee, etc., Co.* (1919), 169 Wis. 533, 173 N. W. 307; *Steinfield* v. *Mass. Bonding, etc., Co.* (1920), 79 N. H. 422, 111 Atl. 303; *Lord & Taylor* v. *Yale & Towne Mfg. Co.* (1920), 230

N. Y. 132, 129 N. E. 346; *United States* v. *United States, etc., Co.* (1918), 247 Fed. 16; *Phenix Ins. Co.* v. *Pennsylvania R. Co.* (1893), 134 Ind. 215, 33 N. E. 970, 20 L. R. A. 405; *Lake Erie, etc., R. Co.* v. *Hobbs* (1907), 40 Ind. App. 511, 81 N. E. 90; 11 May, Insurance 454.

The cases of *Travis, Admx.,* v. *Rochester Bridge Co.* (1919), 188 Ind. 79, 122 N. E. 1; *Laudeman* v. *Russel & Co.* (1910), 46 Ind. App. 32, 91 N. E. 822, and *Daugherty* v. *Herzog* (1896), 145 Ind. 255, 44 N. E. 457, 32 L. R. A. 837, 57 Am. St. 204, relied upon by appellee, are not in point under the facts in this case. In the first two cases, the action was by the administrator of the injured party who had died from the effects of his injuries, and in the last case cited, the action was by the father for the death of his daughter. All of the parties injured were strangers to the respective contracts involved, and the court properly held that there could be no recovery because there was no privity of contract. In this case, there was privity of contract between the association, appellant's subrogator, and appellee.

It appears by the averments of the complaint that appellee was the manufacturer and vendor of a safety device, the very name of which indicated that its purpose was to make an elevator, otherwise dangerous, safe as a passenger elevator. It was sold for, and installed in, a particular elevator, with a contract to keep it in repair, for the purpose of preventing, and with a warranty to prevent, just such accidents as occurred, and as caused the injury of Anna James. A warranty that the safety device should be fit for the special purpose for which it was sold was a special warranty, for the breach of which, appellee should respond in damages to the association for any loss to it that was the consequence of an injury resulting from such breach, and

appellant, as the indemnity insurer, having paid such loss, in the form of a judgment against the association, is subrogated to its right of recovery.

The judgment is reversed, with instruction to overrule the demurrer to the complaint.

Dausman, J., absent.