EDWARD HADCOCK, Plaintiff, *v.* CLAIRE W. WIGGINS and Others, Defendants.

Supreme Court, Cayuga County, March 29, 1933.

*Kennard Underwood* [*Nelson L. Drummond* of counsel], for the defendants William J. McLane and Barbara McLane.

*Harry A. Gleason,* for the defendant Claire W. Wiggins.

KENYON, J. This motion is made by the attorney of record for Claire W. Wiggins, expressly stating in his moving papers that he

is appearing for the defendant Claire W. Wiggins and the Travelers Insurance Company.

A money judgment, which included costs, amounting to $1,648.10, was obtained by Edward Hadcock, the plaintiff above named, against Claire W. Wiggins, William J. McLane and Barbara McLane jointly on the 8th day of October, 1930. On January 19, 1931, the judgment was paid in full by the Travelers Insurance Company.

By the motion papers the court is asked to direct the entry of a judgment in favor of the Travelers Insurance Company against William J. McLane and Barbara McLane in the sum of $824.05.

Section 211-a of the Civil Practice Act permits one joint tort feasor, who has paid a judgment recovered against him and others, to recover from the other joint tort feasors their *pro rata* share of the judgment. An insurer becomes subrogated to the rights of the assured upon payment of the judgment. However, section 211-a, being in derogation of the common law, must be strictly construed (*Adams-Flanigan Co.* v. *DiDonato*, 180 App. Div. 342; affd., 228 N. Y. 542; *Metropolitan Casualty Ins. Co.* v. *Union Indemnity Co.*, 141 Misc. 792; affd., 229 App. Div. 827; 255 N. Y. 591; *Ocean A. & G. Corp.* v. *Hooker E. Co.*, 240 id. 37; *Employers' Liability Assurance Corp.* v. *International Milk Products Co.*, 192 App. Div. 88; *Wanamaker* v. *Otis Elevator Co.*, 228 N. Y. 192; *Lord & Taylor, Inc.*, v. *Yale & Towne Mfg. Co.*, 230 id. 132; *Neenan* v. *Woodside Astoria Transp. Co., Inc.*, 261 id. 159, 164.)

Section 211-a provides that each defendant who has paid more than his *pro rata* share shall be entitled to contribution against the other defendants with respect to the excess so paid over and above the *pro rata* share of the defendant or defendants making such payment. The statute goes further and provides the manner in which this remedy may be pursued, to wit: " Such recovery may be had in a separate action; or where the parties have appeared in the original action, a judgment may be entered by one such defendant against the other by motion on notice."

The statute does not give authority for the entry of such judgment by or in the name of the insurance company.

The application, therefore, is denied.

An order may be entered accordingly.