VIVA McCOLL, Plaintiff, *v.* RAYMOND SMITH and EARL FARRAND, Defendants.

Supreme Court, Genesee County, September 16, 1940.

*Wendell V. O'Shea,* for the defendant Raymond Smith.

*Judd & Stakel,* for the defendant Earl Farrand.

HINKLEY, J. The question involved upon this motion is apparently one of first impression, and yet it undoubtedly will arise with great frequency. Plaintiff recovered a joint judgment against

defendants Smith and Farrand for $10,000 and costs. Automatically section 211-a of the Civil Practice Act became applicable. Defendant Farrand did not pay the judgment in full but his insurer paid $7,000 in full satisfaction of the judgment. Farrand seeks recovery against Smith for $3,500, being one-half of the amount paid. Defendant Smith contends that he can be required to pay only $2,000 as the excess paid by Farrand over the *pro rata* share of Farrand of the original judgment. Section 211-a of the Civil Practice Act is in part as follows:

" § 211-a. Action by one joint tort-feasor against another. Where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury or for property damage, and such judgment has been paid in part or in full by one or more of such defendants, each defendant who has paid more than his own *pro rata* share shall be entitled to contribution from the other defendants with respect to the excess so paid over and above the *pro rata* share of the defendant or defendants making such payment; provided, however, that no defendant shall be compelled to pay to any other such defendant an amount greater than his *pro rata* share of the entire judgment."

The language of that section is not clear as applied to this case. In its interpretation attention must be directed to the words " in part " in the phrase " and such judgment has been paid in part or in full." Also to the words " with respect to the excess so paid." Also to the fact that the words " of the entire judgment " do not follow the words " *pro rata* " share when they are employed the first and second times in the section, but do so follow the third time.

This is consistent with the natural intent and theory of the Legislature to give to a defendant who pays a *part* or the whole of a judgment " the plaintiff's right of execution against the other defendant, up to and no further than his aliquot share of the judgment. The paying defendant thus recovers on the theory of subrogation and partially enforces a right always existing in the plaintiff." (*Neenan* v. *Woodside Astoria Transp. Co., Inc.*, 261 N. Y. 159, 165.) " He pays the co-defendant instead of paying the plaintiff." (*Deuscher* v. *Cammerano*, 256 N. Y. 328, 332.)

In *Martindale* v. *Griffin* (233 App. Div. 510) the question here presented was not raised and the parties and the court took it for granted that contribution must be made *pro rata* upon the amount actually paid and not *pro rata* upon the entire judgment.

In the event that Farrand had not paid more than his *pro rata* share of the entire judgment a different interpretation might

be given to the statute because of the language of the court in *Ward* v. *Iroquois Gas Corp.* (258 N. Y. 124, 128). "It is a principle of the common law that no right to contribution accrues until one party has discharged *more* than his proportion of the *common obligation.*" (Italics supplied.) That question is not here presented.

The right of the insurance carrier to the contributive share is not questioned by defendant. Order may be entered directing the county clerk of Genesee county, N. Y., to enter a judgment upon the docket in favor of the National Grange Mutual Liability Company of Keene, N. H., against defendant Raymond Smith for the sum of $3,500.