Dowling, J.
(dissenting). This is an action for a declaratory judgment tried upon an agreed statement of facts. The trial court declared judgment in favor of the defendants. The trial court held that the plaintiff’s policy was not an indemnity contract. I think it was. (Employers’ Liability Assur. Corp., Ltd., v. International Milk Products Co., 192 App. Div. 88, 91; Wanamaker v. Otis Elevator Co., 228 N. Y. 192, 200; Chicago, St. Louis &u New Orleans R. R. Co. v. Pullman Southern Car Co., 139 U. S. 79, 88; 14 R C. L. Indemnity, § 2.) Paragraph 3 of the agreed statement of facts characterizes the policy as an indemnity policy. The relation of master and servant existed between the Town of Amherst and the defendants’ volunteer- firemen serving said town. The town could
*668 have brought its volunteer firemen within the coverage of the Workmen’s Compensation Law (L. 1935, ch. 384, § 4) which it could not have done unless the relation of master and servant had existed. The defendants filed claims with the Town of Amherst for the benefits accruing .to them under section 205 of the General Municipal Law and presumably copies were served on the plaintiff as required by section 205. But their claims, totalling $2,999, were paid by the plaintiff and not by the town. By accepting payments from the plaintiff the defendants brought themselves within the provisions of the subrogation clause which provided, in substance, that in case of payment under this policy, to the extent of such payment, the insurer is subrogated to all rights of recovery vested by law in the assured “ and/or in any other persons claiming hereunder, against persons * * By making claims under the policy the defendants subrogated the plaintiff to the extent of $2,999 in any recovery which they might make against the Bramleys who had injured them. Moreover, the town had a cause of action against the Bramleys for the loss of the services of its. servants, the defendants, and for the moneys paid to them by the plaintiff (Tidd v. Skinner, 225 N. Y. 422, 433) and this is no less so where the liability imposed is statutory. (Staples v. Central Surety & Ins. Corp., 62 F. 2d 650, 653; Travelers’ Ins. Co. v. Great Lakes Engineering Works Co., 184 F. 426, 432; Dayton Power & Light Co. v. Westinghouse Electric & Mfg. Co., 287 F. 439, 441; 39 C. J., Master and Servant, § 1604; 14 R. C. L., Indemnity, § 10; 18 B. C. L., Master and Servant, § 58.) The Bramleys and their insurance carrier originally were parties to this action. They and the defendants had knowledge of the plaintiff’s claim and were it not for the stipulation relative to the settlement and the discontinuance of the action against the Bramleys and their insurance carrier, the payment of the money to the defendants would have been regarded as a fraud on the plaintiff. (Connecticut Fire Ins. Co. v. Erie Ry. Co., 73 N. Y. 399, 402.) In the settlement as made it was the clear intention of all the parties that the Bramleys were to pay over sufficient funds to the defendants to cover the plaintiff’s claim and the defendants and their attorney agreed to hold $2,999 out of the proceeds of the settlement to cover the plaintiff’s claim on the theory of ^subrogation and defendants’ attorney still retains that sum for that purpose. It is to be fairly inferred from the stipulation and terms of settlement that the plaintiff was to enforce its claim in the action against these defendants and it would *669 be a fraud on the plaintiff to allow the defendants to assert the contrary as a defense. (Ocean A. & G. Corp. v. Hooker Electrochem. Co., 240 N. Y. 37.) The plaintiff yielded its right to prosecute this action against all of the original defendants so these defendants could make a quick settlement and the plaintiff permitted the action to be discontinued against the. Bramleys and their insurance carrier and this constituted a 1 good consideration. It is to be assumed that the defendants recovered froni the Bramleys all the damages to which they <• were entitled which included damages for loss of time and for medical and remedial expenses. Section 205 of the General Municipal Law does not deprive a town of the right of subrogation and does not authorize volunteer firemen to make double recovery at the expense of a town. If the defendants are permitted to escape liability to the plaintiff, they will have achieved a double recovery and double recoveries are not favored* in the law. Good conscience and equity require that the plaintiff recover in this action. (Hartford Accident & Indemnity Co. v. Chartrand, 239 N. Y. 36; Chicago, St. Louis & New Orleans R. R. Co. v. Pullman Southern Car Co., 139 U. S. 79, 88.) The plaintiff is the subrogee both of the Town of Amherst and of the defendants and as such subrogee is entitled to judgment declaring it to be the owner of the $2,999 in the hands of the defendants’ attorney.
AH concur with Labkin, J., except Dowling, J., who dissents and votes for reversal and for judgment in favor of the plaintiff, in a separate memorandum. Present — Taylob, P. J., Dowling, Habéis, McCubn and Labkin, JJ.
Judgment affirmed, with costs.