ARTHUR HARPER, Plaintiff, *v.* GEORGE L. WAYMAN et al., Defendants.

Supreme Court, Special Term, Broome County, July 29, 1947.

*Kramer, Night & Wales* for George L. Wayman, defendant, for motion.

*Mangan, Mangan & Heath* for Stanley Condefer, defendant, opposed.

DEYO, J. A tort judgment was secured against the defendants herein, one of whom, Mr. Wayman, was insured with the General Accident Fire and Life Assurance Corporation, Ltd., which company ultimately paid the entire judgment. By this motion, joined in by both the insurance carrier and by Mr. Wayman, an order is sought directing the Clerk of the County of Broome to enter a judgment in favor of the insurance carrier for the amount of the excess paid over and above Wayman's prorata share. The sole issue presented is whether or not under section 211-a of the Civil Practice Act an insurance carrier which has paid the judgment rendered against two tort-feasors, may by motion in the original action, compel a judgment to be entered in its favor rather than in favor of its assured. It seems clear that the carrier would be entitled to this relief if it had brought a separate action for that purpose. (*Travelers Insurance Co.* v. *McLane*, 240 App. Div. 939.) That being so, there does not seem to be any compelling reason for denying the relief when sought by means of a motion. (*Armstrong* v. *Springer*, 43 N. Y. S. 2d 836; *McColl* v. *Smith*, 174 Misc. 1050. But see *contra*, *Hadcock* v. *Wiggins*, 147 Misc. 252.) The carrier, having paid the judgment secured against its insured, became subrogated to his rights and entitled to any remedy that the assured might have pursued if he had paid the judgment himself. (*Ocean A. & G. Corp.* v. *Hooker*, 240 N. Y. 37; *Korman* v. *Sosknick*, 21 N. Y. S. 2d 857.) The fact that the insured himself joins in the application and denies any personal interest in the judgment over, will amply safeguard the codefendant from any possibility of double liability.

Motion granted, with $10 costs.

Submit order accordingly.