JOHN WANAMAKER, NEW YORK, INCORPORATED, et al., Respondents, *v.* OTIS ELEVATOR COMPANY, Appellant.

Subrogation — indemnity insurance — policy indemnifying owner of store against damages paid to persons injured while riding in elevator — when assurance company may recover from negligent manufacturer of elevator damages and taxable costs paid on account of judgment against owner — when it may not recover counsel fees paid in defending action against owner.

1. The owner of a department store was compelled to pay a judgment recovered against it by a person who was injured while riding in an elevator owing to a break in iron straps used for the hoisting cable of the elevator, which straps were designed by the defendant pursuant

to a contract with the owner. Part of such judgment was repaid to the owner by an indemnity assurance company which had issued a policy indemnifying it in a specified amount for damages on account of bodily injuries sustained by any person while riding in the elevator. The policy provided that the assurance company should be subrogated to all claims and rights of the owner in respect to such loss against any person or persons; hence a contractual relation existed between the defendant and the owner, and such owner and the assurance company may maintain an action against the defendant which made and installed the elevator, and recover the amount paid by each of them for damages on account of the judgment against the owner.

2. The assurance company having paid the taxable costs taxed against the owner, it may recover them in this action, but, having under the terms of its policy defended the action against the owner, expenses incurred by it in the defense of the action cannot be recovered.

*Wanamaker* v. *Otis Elevator Co.*, 186 App. Div. 655; 188 App. Div. 978, modified.

(Argued January 20, 1920; decided February 24, 1920.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 12, 1919, unanimously affirming a judgment in favor of plaintiffs entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles A. Boston* and *John Guyton Boston* for appellant. There was nothing whatsoever in the case to show that the Otis Company owed any duty to the Wanamaker Company. (*Kahner* v. *Otis Elevator Co.*, 96 App. Div. 169; 183 N. Y. 512; *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Statler* v. *Ray Manufacturing Co.*, 195 N. Y. 478; *Devlin* v. *Smith*, 89 N. Y. 470; *Larkin* v. *Terminal Warehouse Co.*, 161 App. Div. 262; 221 N. Y. 707; *Lord Electric Co.* v. *Barber Asphalt Paving Co.*, 165 App. Div.

399; *City of Brooklyn* v. *Brooklyn City R. R. Co.*, 47 N. Y. 475; *Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214; *Prescott* v. *Le Conte*, 83 App. Div. 482; 178 N. Y. 585; *Phœnix Bridge Co.* v. *Creem*, 102 App. Div. 354; 185 N. Y. 580; *Scott* v. *Curtis*, 195 N. Y. 424; *Mowbray* v. *Merryweather*, L. R., 1895, 2 Q. B. Div. 640; *Boston Woven Hose, etc., Co.* v. *Kendall*, 178 Mass. 232; *Nashua Iron & Steel Co.* v. *Brush*, 33 C. C. A. 456; 91 Fed. Rep. 213; *Burrows* v. *March Gas Co.*, L. R. 5 Exch. 67; *The Lewis Luckenbach*, 207 Fed. Rep. 66.) The rule of indemnity was misapplied by the trial court in that the Otis Company has been held liable for an independent fault of Wanamaker in the non-performance of a duty to its customer which the Otis Company never assumed. (Shearman & Redf. on Neg. [5th ed.] §§ 24a, 24b; *Buffalo* v. *Holloway*, 7 N. Y. 493; Cooley on Torts [3d ed.], 254; *U. S. Yards Co.* v. *C. & C. R. R. Co.*, 196 U. S. 217; *City of Rochester* v. *Campbell*, 123 N. Y. 412; *Larkin Co.* v. *Terminal Warehouse Co.*, 161 App. Div. 262; *Scott* v. *Curtis*, 195 N. Y. 424; *Oceanic S. N. Co.* v. *Compania T. E.*, 144 N. Y. 663; 134 N. Y. 461; *Central, etc., Ry. Co.* v. *Macon Ry., etc., Co.*, 9 Ga. App. 628; *Galveston, etc., Co.* v. *Nass*, 94 Tex. 255; *Talmadge* v. *Zanesville, etc., Road Co.*, 11 Ohio, 197; *Pfarr* v. *Standard Oil Co.*, Iowa, L. R. A., 1915C, 336.) At all events the expenses of the General Accident Company and costs of Wanamaker's unsuccessful appeals should not be included in the recovery. (*City of Cambridge* v. *Hanscom*, 186 Mass. 54; *Travelers Ins. Co.* v. *G. L., etc., Co.*, 36 L. R. A. [N. S.] 64; *Murphy* v. *City of Yonkers*, 213 N. Y. 124.) The insurance company has no right to recover expenses nor the costs of the appeal. (*U. S. Fidelity, etc., Co.* v. *Title Guaranty, etc., Co.*, 200 Fed. Rep. 426; *Dubois* v. *Hermance*, 56 N. Y. 673; *Waterbury* v. *Waterbury Traction Co.*, 74 Conn. 152; *Westfield* v. *Mayo*, 122 Mass. 100; *City of Astoria* v. *Astoria & C. R. R. Co.*, 136 Pac. Rep. 645; *Chesapeake & Ohio Canal Co.* v. *County Commissioners, etc.*, 57 Md. 201.)

*Frank Verner Johnson* for respondents. The defendant herein having undertaken " to make and install " such appliances as would be " of sufficient and adequate strength to safely support " Wanamaker's passenger elevator " in the usual and ordinary use of said elevator in carrying employees and customers " from floor to floor in its building, with full knowledge of the requirements of such appliances and the danger to life and limb should the same be insufficient or inadequate for that purpose, is chargeable with responsibility for a negligent failure to perform the obligation thus assumed by it in the event that injury or damge is occasioned thereby. (*MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Devlin* v. *Smith*, 89 N. Y. 470; *Statler* v. *Ray Manufacturing Co.*, 195 N. Y. 478; *Kahner* v. *Otis Elevator Co.*, 96 App. Div. 169; 183 N. Y. 512; *City of Brooklyn* v. *Brooklyn City R. R. Co.*, 47 N. Y. 475; *City of Rochester* v. *Montgomery*, 72 N. Y. 65; *Village of Port Jervis* v. *First Natl. Bank*, 96 N. Y. 550; *City of Rochester* v. *Campbell*, 123 N. Y. 405; *Oceanic Steam Navigation Co.* v. *Co. Tr. Espanola*, 134 N. Y. 461; *Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354; *Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214; *Scott* v. *Curtis*, 195 N. Y. 424; *Prescott* v. *Le Conte*, 83 App. Div. 482; 178 N. Y. 585; *Phœnix Bridge Co.* v. *Creem*, 102 App. Div. 354; 185 N. Y. 580; *City of New York* v. *Corn*, 133 App. Div. 1.) Where the right of indemnity exists, the indemnitor must pay not only the damages recovered but all the necessary expenses of the litigation. (*Waterbury* v. *Waterbury Traction Co.*, 74 Conn. 152; *Chesapeake & Ohio Canal Co.* v. *County Commissioners*, 57 Md. 201; *Westfield* v. *Mayo*, 122 Mass. 100; *Hammond* v. *Bussey*, L. R. 20 Q. B. 79; *City of Astoria* v. *Astoria & C. R. R. Co.*, 136 Pac. Rep. 645; *Murphy* v. *City of Yonkers*, 213 N. Y. 124; *Prescott* v. *Le Conte*, 83 App. Div. 482; 178 N. Y. 585; *Trustees of Newburgh* v. *Galatine*, 4 Cow. 340; *Corcoran* v. *Judson*, 24 N. Y. 106; *Conn. Fire Ins. Co.* v. *Erie R. R. Co.*, 49 Wis. 625; *Pratt* v. *Redford*, 52 Wis. 114;

*Travelers Insurance Co.* v. *Great Lakes Engineering Works Co.*, 184 Fed. Rep. 426.) Liability for the costs in the appellate courts exists whenever it appears that such costs were necessarily incurred in order to finally determine the liability of the parties. (*O. S. Nav. Co.* v. *Compania T. E.*, 134 N. Y. 461; *Gray* v. *Boston G. L. Co.*, 114 Mass. 149; *Creem* v. *Fidelity & Casualty Co.*, 141 App. Div. 493; *Hammond* v. *Bussey*, L. R. 20 Q. B. 79; *Duxbury* v. *V. C. R. R. Co.*, 26 Vt. 751.)

HOGAN, J. The plaintiff, John Wanamaker, New York, Inc., hereinafter referred to as the " Wanamaker Company," has been for years engaged in conducting a department store in the city of New York. On April 27th, 1909, one of the elevators in said store, manufactured and installed by the defendant in October, 1907, pursuant to a contract between defendant and the Wanamaker Company, fell, due to a break of two iron straps designed and used for the support of the hoisting cable of the elevator.

One Matilda Rumetsch, together with other patrons of the store, was in said elevator, and sustained injuries. She thereafter brought an action against the Wanamaker Company to recover damages for such injuries. Notice of the commencement of the action was given defendant and it was requested to come in and defend the same. Defendant did not, however, participate in the defense of the action, which thereafter proceeded to trial and resulted in a verdict against the Wanamaker Company for sixteen thousand dollars. Judgment was entered upon the verdict for damages, sixteen thousand dollars, and costs, two hundred twenty-three dollars eighty-seven cents. On July 29th, 1912, an appeal was taken from the judgment to the Appellate Division by the Wanamaker Company and on January 10th, 1913, an order therein was entered reversing the judgment of the Trial Term and granting a new trial, costs to abide the event. (*Rumetsch* v. *Wana-*

*maker, N. Y., Inc.*, 154 App. Div. 800.)   The plaintiff thereupon perfected an appeal to this court, and after argument of said appeal, the order of the Appellate Division and judgment thereon was reversed and the judgment of the Trial Term affirmed, with costs in this court and the Appellate Division, which were taxed at five hundred three dollars sixty-nine cents, and judgment thereafter was entered December 23, 1915.

The plaintiff, General Accident Fire and Life Assurance Corporation, Ltd., of Perth, Scotland, hereinafter designated as the " Assurance Company," had issued a policy of liability insurance to the Wanamaker Company, whereby it agreed to indemnify the Wanamaker Company from any loss, by reason of the liability imposed upon it by law, for damages on account of bodily injuries accidentally sustained by passengers riding in the aforesaid elevator; the liability for such indemnity being limited to the amount of five thousand dollars for injuries sustained by one person, and to defend any suits which might be brought against the Wanamaker Company on account of such injuries and to pay in addition to the aforesaid indemnity the costs taxed against the Wanamaker Company in any legal proceedings so defended, and all expenses incurred in the conduct of such defense.

The policy also provided: " In case of payment of loss under this policy the Corporation (Assurance Company) shall be subrogated to all claims or rights of the Assured in respect of such loss against any person or persons and the assured shall execute any and all papers required and shall cooperate with the Corporation to secure to it said rights."

The Assurance Company, as required by the terms of the policy contract, which was in force at the time of the accident, defended the Wanamaker Company in the action against it and prosecuted and defended the appeals therein. The original judgment having been reinstated by the decision of this court (*Rumetsch* v. *Wanamaker, N. Y., Inc.*,

216 N. Y. 379) the Wanamaker Company and Assurance Company on December 29th, 1915, were compelled to pay to Matilda Rumetsch, in satisfaction of the judgments and interest thereon, the sum of twenty thousand five hundred twenty-three dollars two cents. Of said sum the Assurance Company paid six thousand nine hundred six dollars thirty-three cents as indemnity for the loss imposed upon the Wanamaker Company by reason of its liability for damages on account of injuries to the said Matilda Rumetsch, which sum so paid included the amount of the indemnity, five thousand dollars, with interest thereon together with the taxable costs of the action. The balance, thirteen thousand six hundred sixteen dollars sixty-nine cents, was paid by the plaintiff Wanamaker Company. This action was brought by the Wanamaker Company and the Assurance Company to recover the amounts so paid by them. The plaintiff, Assurance Company, also sought to recover the sum of three thousand six hundred thirteen dollars ninety-two cents expended by it for counsel fees in the defense of the action. The judgment herein awards to the Wanamaker Company thirteen thousand six hundred sixteen dollars sixty-nine cents, and interest thereon from the date of payment by it, December 29th, 1915, and to the Assurance Company ten thousand five hundred twenty dollars twenty-five cents, which sum represents the indemnity of five thousand dollars with interest thereon, together with taxable costs, and in addition the sum of three thousand six hundred dollars ninety-two cents counsel fees in the defense of the action, with interest on two thousand five hundred fifty-eight dollars two cents from December 29th, 1912, and on one thousand fifty-five dollars ninety cents from December 29th, 1915.

Upon the argument of this appeal counsel for appellant urged that as no privity existed between defendant and the Wanamaker Company, defendant owed no duty to that company, consequently a recovery in favor of

the latter cannot be sustained.    The argument cannot prevail.

To facilitate a trial of the action counsel for the parties entered into a written stipulation, reciting a number of facts, which were practically all embodied with other facts in the findings made by the trial justice.   It was stipulated amongst other facts that it was established upon the trial of the action of *Rumetsch* v. *Wanamaker*, that the fall of the elevator car in which she (Rumetsch) was riding as a passenger was due to the breaking of two certain iron straps designed and used for the support of the lifting cables of the elevator and that these straps broke because they were wrongfully designed, constructed and installed and, therefore, insufficient and inadequate in strength to perform the work imposed upon them in the ordinary operation of the elevator in question.    That the two certain iron straps were designed and installed on the premises by the defendant for the support of the lifting cables of said elevator and turned over to the Wanamaker Company for its use as a passenger elevator having a carrying capacity of two thousand five hundred pounds, on or about the 29th day of October, 1907, and that said iron straps were thereafter never changed, altered or in any way interfered with prior to their breaking on the 29th day of April, 1909, when they broke while the said elevator was carrying less than two thousand five hundred pounds.

The trial justice found the foregoing stipulated facts and that the defendant well knew the use and requirements of such straps in the operation of the elevator and the danger to life and limb should they be insufficient to resist the strain thus imposed upon them.

Counsel for the defendant also read into the record upon the trial the opinion of this court in the case of *Rumetsch* v. *Wanamaker, N. Y., Inc.* (216 N. Y. 379).   In that opinion, as well as in the opinion of the Appellate Division (154 App. Div. 800), the statement is made that the straps

that broke were designed, manufactured and installed by the Otis Elevator Company, etc., pursuant to a contract between the defendant and said company, and in accordance with specifications requiring construction of a passenger elevator with a carrying capacity of two thousand five hundred pounds. The defendant accepted the elevator on October 29th, 1907, and it was used with the straps and as described until it fell about eighteen months thereafter.

The findings made by the trial justice, unanimously affirmed by the Appellate Division, were sufficient to justify the conclusion that a contractual relation existed between the Wanamaker Company and defendant. In view of such privity, Matilda Rumetsch might have maintained her action against either or both the Wanamaker Company and defendant. She elected to bring suit against the Wanamaker Company and it was held liable to her. Under the findings made by the trial justice, the Wanamaker Company, upon payment of the judgment recovered against it, was entitled to maintain this action over against defendant for any amount paid under its liability on said judgment. (*Statler* v. *Ray Mfg. Co.*, 195 N. Y. 478; *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Boston W. H. & R. Co.* v. *Kendall*, 178 Mass. 232.)

We now pass to a consideration of the rights of plaintiff Assurance Company. By the terms of the policy contract, the Assurance Company covenanted to indemnify the Wanamaker Company, (a) against any loss imposed upon it by law for damages to the amount of five thousand dollars, (b) to defend any suits which might be brought against it, and (c) to pay in addition to the aforesaid indemnity costs taxed in any legal proceeding and all expenses incurred in the conduct of such defense. The language of the policy is unambiguous. A distinction is clearly made therein between indemnity and further liability. The indemnity is stated as a loss for damages

imposed by law upon the assured to the amount of five thousand dollars and to defend any suits. The covenant of the Assurance Company is to pay *in addition to the aforesaid indemnity* costs taxed in any legal proceeding and all expenses incurred in the conduct of such defense. Payment of the judgments in the first instance by the Wanamaker Company would entitle that company to demand of the Assurance Company that it respond to the Wanamaker Company to the extent of its indemnity under the policy contract. Upon satisfaction by the Assurance Company of its obligation it would be subrogated to the rights of the Wanamaker Company to the amount paid as against the defendant. The Assurance Company could not recover from the Wanamaker Company any sum for expenses incurred in the defense of the action in view of its policy contract to defend the action and to pay all expenses incurred in the conduct of such defense. The Wanamaker Company was not required to, neither did it pay any expenses for counsel fees. It had no claim against defendant for such expenses and the Assurance Company could not be subrogated to a claim which did did not exist in the alleged subragor. The Wanamaker Company, however, being liable for the taxable costs could after payment of the judgment recover the same from the defendant. When, therefore, the Assurance Company paid the same, it became under the facts in this case subrogated to the rights of the Wanamaker Company to the extent of the amount so paid.

Counsel for the defendant argues that costs of appeals were not recoverable under our decision in *Murphy* v. *City of Yonkers* (213 N. Y. 124). In that case, Murphy under a contract with the city covenanted to indemnify the city against any damage which it might sustain by reason of his failure to guard excavations made in the street. The traveler injured by reason of the failure to guard an excavation brought action against the city. Notice was served upon Murphy to defend. He failed to do so

and judgment was recovered against the city. Thereupon, the city, without request by or consent of Murphy, took appeals which were unsuccessful. We held that the appeals having been taken without request or authorization of Murphy, and being unsuccessful, Murphy was not liable for the costs of such appeals. The case at bar is distinguishable from the *Murphy* case. Here the plaintiff had a verdict at the Trial Term, the Wanamaker Company took an appeal to the Appellate Division and succeeded therein. The plaintiff thereupon appealed to this court and the Wanamaker Company was justified in defending against such appeal and to urge that the decision of the Appellate Division in its favor should be sustained. At no time was the Wanamaker Company an unsuccessful appellant.

We are in accord with the conclusion of law based upon the findings of fact in so far as it appears that the defendant is chargeable with responsibility for the wrongful design, construction and installation of the iron straps upon the elevator which caused the accident in the *Remetsch* case. As we do not assent to the determination that the Assurance Company is entitled to recover the expenses incurred by it in the defense of the action, the judgment herein should be modified by reducing the amount of the judgment in favor of the plaintiff Assurance Company to six thousand nine hundred six dollars thirty-six cents and interest thereon from December 29th, 1915, and as so modified the judgment should be affirmed, with costs to appellant.

HISCOCK, Ch. J., CHASE, McLAUGHLIN and ELKUS, JJ., concur; CARDOZO, J., concurs in result; CRANE, J., dissents from modification.

Judgment accordingly.