THE TRAVELERS INSURANCE COMPANY, Respondent, v. LEE & SIMMONS, INC., Appellant.— Order denying defendant's motion for judgment dismissing the complaint affirmed, with ten dollars costs and disbursements. The Federal statute, as construed in *Ætna Life Ins. Co.* v. *Moses* (287 U. S. 530), effects an assignment of the employee's cause of action to his employer and a subrogation by the employer's insurance carrier upon the payment of the employer's obligations to the employee under the Longshoremen's and Harbor Workers' Compensation Act.█ The rights of an insurance carrier who has thus become subrogated to the rights of the employer, vesting in it by assignment, and who has thus become the real party in interest, are determined by the local law. (*Ætna Life Ins. Co.* v. *Moses, supra.*) The local law, at least where a wrongful death is not involved, permits the insurance carrier to enforce in its own name, in an appropriate action, such rights as vest in it by subrogation (*Zurich G. A. & L. Ins. Co.* v. *Childs Co.*, 253 N. Y. 324; *Ocean A. & G. Corp.* v. *Hooker Electrochem. Co.*, 240 id. 37; *Dunlop* v. *James*, 174 id. 411; *St. Louis, etc., Railway* v. *Commercial Ins. Co.*, 139 U. S. 223, 235; *Lord & Taylor* v. *Yale & Towne Mfg. Co.*, 230 N. Y. 132, 141; *Travelers Ins. Co.* v. *Padula Co.*, 224 id. 397, 404; *Streeter* v. *Graham & Norton Co.*, 263 id. 39, 43), subject to such duties and obligations as are placed thereon by the Federal statute, which is the source of its substantive rights. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

THERESA VALENTINE, Respondent, v. MAX J. ELLISON and Another, Defendants, and CHARLES H. COOK, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ.

FRED WAGNER, Respondent, v. MARGARET ABERLE and Another, Appellants. — Order of the County Court of Suffolk county denying motion to dismiss for failure of prosecution reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted without prejudice to an application by plaintiff to vacate the order of dismissal, based upon affidavits showing merits and reasonable grounds for a failure of prosecution; the record before us failing to show any ground which permitted a denial of the motion. Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ., concur.

In the Matter of the Application of THE MOUNT VERNON TRUST COMPANY for an Order of Approval of the Supreme Court of the State of New York of the Plan of Reorganization of THE MOUNT VERNON TRUST COMPANY under Which It May Resume Business. JULIA KAUZMAN and Others, Appellants; THE MOUNT VERNON TRUST COMPANY, Respondent.— Motion to dismiss appeals denied, without costs. Lazansky, P. J., Young and Kapper, JJ., concur; Carswell and Davis, JJ., dissent. Application to hear the appeals forthwith on the original record granted. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.