GLOBE INDEMNITY COMPANY, Respondent, v. ATLANTIC LIGHTERAGE CORPORATION, Appellant.

First Department, March 22, 1935.

*Theodore H. Lord* of counsel [*Samuel E. Swiggett* with him on the brief; *Alfred W. Andrews*, attorney], for the appellant.

*F. A. W. Ireland* of counsel [*Alexander Gangel* with him on the brief; *Ireland, Caverly & Hendrickson*, attorneys], for the respondent.

UNTERMYER, J. We are concerned on this appeal only with the legal sufficiency of the first of two causes of action contained in the complaint. The court at Special Term granted the defendant's motion to dismiss the second cause of action as insufficient in law, but denied its motion to dismiss the first cause of action on that ground. From so much of the order as denies its motion to dismiss

the first cause of action the defendant appeals. The plaintiff does not appeal.

The complaint alleges that the plaintiff was the insurer of International Elevating Company under the Federal statute known as the Longshoremen's and Harbor Workers' Compensation Act, whereby it insured to employees of International Elevating Company the payment of workmen's compensation. While the insurance was in effect, one Patrick Littleton, an employee of International Elevating Company, in the course of his employment, sustained injuries which were caused by the negligence of the defendant, in consequence of which an award of compensation was made in his favor against International Elevating Company. That award the plaintiff was required to pay. Accordingly the plaintiff claims to be subrogated to the cause of action against the defendant resulting in favor of International Elevating Company, whose liability to Patrick Littleton it has discharged.

If the cause of action had arisen under the Workmen's Compensation Law of this State there would be no doubt that it could be maintained against a third party liable for the injury by an insurer who had discharged the employer's liability to his employee. (Workmen's Comp. Law, § 29; *Zurich G. A. & L. Ins. Co.* v. *Childs Co.,* 253 N. Y. 324; *Lord & Taylor* v. *Yale & Towne Mfg. Co.,* 230 id. 132; *Travelers Ins. Co.* v. *Padula Co.,* 224 id. 397.) But here we are concerned with rights and liabilities arising under a statute containing very different provisions and proceeding upon a very different theory from the Workmen's Compensation Law which prevails in this State. Section 33 of the Longshoremen's and Harbor Workers' Compensation Act (44 U. S. Stat. at Large, 1440),* so far as material, provides:

" Section 33 (b). Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person,  *  *  *.

" (e) Any amount recovered by such employer on account of such assignment, whether or not as the result of a compromise, shall be distributed as follows:

" (1) The employer shall retain an amount equal to—

" (A) The expenses incurred by him in respect of such proceedings or compromise (including a reasonable attorney's fee as determined by the Deputy Commissioner).

" (B) The cost of all benefits actually furnished by him to the employee under Section 7.

---

*U. S. Code, tit. 33, § 933.— [REP.

" (C) All amounts paid as compensation, and the present value of all amounts payable as compensation, such present value to be computed in accordance with a schedule prepared by the Commission, and the amounts so computed to be retained by the employer as a trust fund to pay such compensation as it becomes due and to pay any sum, in excess of such compensation, to the person entitled to compensation or to the representative; and

" (2) The employer shall pay any excess to the person entitled to compensation or to the representative."

Unlike our statute (*Travelers Ins. Co.* v. *Brass Goods Mfg. Co.*, 239 N. Y. 273), the employee, under the statute here, is entitled to any sum recovered by legal proceedings or by compromise exceeding (1) the expenses incurred in the enforcement of the claim; (2) the cost of all benefits furnished to the employee under section 7 of the act, and (3) all amounts paid as compensation to the employee, including the value of all amounts thereafter payable as compensation. Perhaps for that reason the statute under consideration here does not contain any provision similar to section 29 of the Workmen's Compensation Law of this State, whereby the award of compensation operates as an assignment to the insurer of the cause of action of the injured employee against a third party liable for the injury. Although the statute is silent as to the insurer's right of subrogation, it is settled by the decision of the United States Supreme Court in *Ætna Life Ins. Co.* v. *Moses* (287 U. S. 530) that the insurer's right to share in any recovery by the employer against a third party exists as " a normal incident of indemnity insurance " to the extent that the insurer has discharged his duty to the employee. But here we are not concerned with the right of the insurer to indemnity out of the proceeds of recovery, but with the right to maintain the action in its own name. This in turn depends upon whether the employer rather than the insurer is the proper party to maintain such an action, for it is evident that, whatever may be the beneficial interest of the parties in the recovery, both could not have been vested with legal title to the employee's cause of action against the third party whose negligence caused the injury.

We think that under the express provisions of the statute, under the decision of the United States Supreme Court in *Ætna Life Ins. Co.* v. *Moses* (*supra*), and under general principles pertaining to the law of subrogation, the right of action is vested exclusively in the employer, even though both the insurer and the employee may have a beneficial interest in the recovery. By the explicit words of the statute the employer, and no one else, is vested by " assignment " with the cause of action of an injured employee who accepts compensation under its provisions, irrespective of who pays or is liable

for the payment of compensation. Thereby he is constituted the trustee of an express trust, with all the rights which are properly incident thereto. As such he is the " real party in interest," competent to maintain the action in his own right, within the meaning of section 210 of the Civil Practice Act. (*Toronto General Trust Co.* v. *Chicago, Burlington & Quincy R. R. Co.*, 123 N. Y. 37; *Considerant* v. *Brisbane*, 22 id. 389; *Sheridan* v. *Mayor*, 68 id. 30.) This does not mean that he will hold the proceeds of recovery for his exclusive benefit. The law which clothed him with this trust provides also how the proceeds shall be distributed. He may retain the expenses incurred in producing the fund. He may reimburse himself for all benefits which he has furnished to the employee under section 7 of the act. He may retain all sums paid by him as compensation to the employee, together with the present value of the amount thereafter payable as compensation. To the extent that the insurer has discharged any of his duties, it succeeds to the interest of the employer in the proceeds of recovery. It is not clear whether that right extends to compensation which the employer is liable to pay in the future as well as to compensation which has already been paid. That precise question was expressly left open in *Ætna Life Ins. Co.* v. *Moses* (*supra*, p. 541), and need not be considered here. What is clear is that the employee is entitled to whatever remains after there has been reimbursement to the employer or the insurer of their expenditures out of the proceeds of recovery. If, therefore, it were held that the insurer could maintain an action in its own right to recover from the third party the amount of its expenditures, there inevitably would result a division of the cause of action between the insurer seeking to be indemnified, and the employer in whom would remain vested a cause of action for any " excess " payable to the injured employee. A rule which would subject the third party to two actions upon a cause of action which is single and entire would be fruitful of unjust results. It would be incompatible with the principle that the equity of subrogation does not arise in favor of a surety or indemnitor until the entire obligation has been discharged. (*McGrath* v. *Carnegie Trust Co.*, 221 N. Y. 92.) If, on the contrary, the insurer were permitted to sue not only for actual expenditures but for any " excess " to which the injured employee might be entitled, we would violate the basic principle that the insurer may not maintain the action in his own right where there is an outstanding interest in another because the right of subrogation entitles him only to indemnity. (*Ocean A. & G. Corp.* v. *Hooker Electrochemical Co.*, 240 N. Y. 37.) In such a case the action must be prosecuted through " the statutory trustee of the entire group of beneficiaries." ( *U. S. Fidelity & G. Co.* v.

*Graham & Norton Co.*, 254 N. Y. 50.) In doing this it would also be necessary to disregard the statute because we would substitute the insurer as trustee in asserting the right of the injured employee to any " excess " over expenditures, for the employer whom the statute has constituted the trustee of those rights.

Under these circumstances there is no reason to deviate from the clear language of the statute, which is calculated to produce a more equitable and a more convenient result. Thereby we concede to the parties the usual rights, subject to the usual obligations, which are incidental to the relation of trustee and *cestui que trust*. The employer is vested exclusively with the cause of action, in the proceeds of which the parties will share to the extent and in the manner specified in the statute. If the employer refuses or fails unreasonably to institute the suit, the beneficiaries are not helpless but may have recourse to the familiar principles which have always been applied in such a case. We realize that these views do not accord with the decision in *Travelers Ins. Co.* v. *Lee & Simmons, Inc.* (241 App. Div. 835), on which the court below relied. However, we consider the conclusion which we have expressed to be more consistent with an equitable result and more consistent also with the decision of the Supreme Court in *Ætna Life Ins. Co.* v. *Moses* (*supra*), where it was said (at p. 542): " The insurer's right of subrogation does not alter the fact that it is the employer who is directed by the statute to distribute the proceeds of the recovery, in which the insurer has only a partial interest. Accordingly, the employer is the party to bring the action and the only necessary party plaintiff in the case before us."

It follows that the plaintiff has failed to allege facts disclosing any cause of action which it is entitled to enforce and that the complaint should have been dismissed.

The order so far as appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

MARTIN, P. J., MERRELL, TOWNLEY and GLENNON, JJ., concur.

Order so far as appealed from reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.