ARTHUR L. MALKENSON, Appellant, *v.* JOURNAL-NEWS CORPORATION, Respondent.

Argued June 7, 1946; decided July 23, 1946.

*John A. Bell, Jr.,* for appellant. I. The Appellate Division erred in its determination. (*Matter of Paramount Publix Corp.,* 90 F. 2d 441; *Garbarino* v. *Utica Uniform Co.,* 269 App. Div. 622; *Kane* v. *Walsh,* 295 N. Y. 198; *Strobe* v. *Netherland Co., Inc.,*

245 App. Div. 573; *Buhl* v. *University of State of New York*, 182 Misc. 786, 268 App. Div. 530.) II. An action for a declaratory judgment is the proper remedy. (*Kane* v. *Walsh*, 295 N. Y. 198; *Faingnaert* v. *Moss*, 295 N. Y. 18; *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45; *Kalman* v. *Shubert*, 270 N. Y. 375; *Kittinger* v. *Churchill Evangelistic Assn., Inc.*, 151 Misc. 350, 244 App. Div. 876; *Bond Stores, Inc.*, v. *Marbridge Building Co.*, 185 Misc. 1043; *Levy* v. *Congregation Beth Sholom*, 181 Misc. 877.)

*Nathan Immerman* for respondent. The remedy of declaratory judgment is not available to plaintiff.

*Per Curiam.* We think the allegations of the complaint were sufficient to require an exercise of the court's discretion under rule 212 of the Rules of Civil Practice (Civ. Prac. Act, § 473) and that the court erred in dismissing the complaint " upon the law " (*Rockland Light and Power Co.* v. *City of New York*, 289 N. Y. 45). There is nothing upon the face of the contract to indicate an illegal invasion of the powers of the directors. What the plaintiff sought was a declaration of legal rights flowing from acts of the directors. The Appellate Division having reversed and dismissed the complaint upon the law, we assume that the dismissal was not an exercise of its extraordinary discretionary powers (Civ. Prac. Act, § 602; *Newburger* v. *Lubell*, 257 N. Y. 383, 385; Seventh Annual Report of N. Y. Judicial Council, 1941, p. 555; *Batchelar* v. *Batchelar*, 244 N. Y. 274; *Matter of Berry* v. *Brearton*, 263 N. Y. 274).

Accordingly, we reverse the judgment appealed from, with costs to abide the event, and remit the case to the Appellate Division for determination as it may be advised upon the question of discretion raised in that court by defendant's motion to dismiss.

The judgment should be reversed and the case remitted to the Appellate Division for further proceedings not inconsistent with this opinion, with costs to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and FULD, JJ., concur; DYE, J., taking no part.

Judgment reversed, etc.