LLOYD F. LOCKLEY, Appellant, *v.* GEORGE F. ROBIE et al., Respondents.

Argued May 17, 1950; decided July 11, 1950.

*W. Clyde O'Brien* for appellant. I. The agreement made on May 31, 1940, is still in effect as to all parties thereto except one and may be specifically enforced against defendant Robie and the oil company. (*Clark* v. *Dodge*, 269 N. Y. 410; *Matter of Block*, 186 Misc. 945.) II. The agreement made on August 1, 1941, between plaintiff and defendant Robie was proven by adequate and competent evidence and may be specifically enforced by plaintiff against Robie. (*Warner Chemical & Mfg. Co.* v. *Holbrook*, 118 N. Y. 586; *Blakeley* v. *Agency of Canadian Car & Foundry Co.*, 73 N. Y. S. 2d 573, 74 N. Y. S. 2d 829.) III. The termination of plaintiff's employment as treasurer of the corporation on November 1, 1947, was without legal justification.

*William MacFarlane* for respondents. I. The order and judgment of the Appellate Division reversing and modifying certain findings of fact, reversing the judgment and dismissing the complaint were fully justified. (*Von Au* v. *Magenheimer*, 126 App. Div. 257, 196 N. Y. 510; *Flynn* v. *Brooklyn City R. R. Co.*, 158 N. Y. 493; *Niles* v. *New York Central & H. R. R. R. Co.*, 176 N. Y. 119; *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241.) II. The agreement of May 31, 1940, between stockholders and defendant corporation is of no present validity. (*Benintendi* v. *Kenton Hotel*, 294 N. Y. 112; *Flaherty* v. *Cary*, 62 App. Div. 116, 174 N. Y. 550; *Long Park, Inc.*, v. *Trenton-New Brunswick Theatres Co.*, 297 N. Y. 174; *McQuade* v. *Stoneham*, 263 N. Y. 323; *Fells* v. *Katz*, 256 N. Y. 67.) III. The trial court exceeded its power in ordering the cancellation of stock purchased by George F. and Kenneth L. Robie from

minority stockholders. (Stock Corporation Law, § 5, subd. 4; § 65; Personal Property Law, § 176; *Matter of Case,* 214 N. Y. 199; *Alsens Amer. Portland Cement Works* v. *Degnon Contr. Co.,* 222 N. Y. 34; *Wagstaff* v. *Holly Sugar Corp.,* 253 App. Div. 616, 279 N. Y. 625; *Groesbeck* v. *Morgan,* 206 N. Y. 385.)

FROESSEL, J. In this action, which involves primarily the two principal stockholders of the corporate defendant, and wherein plaintiff seeks restoration of his former status and rights in said corporation, based largely upon the oral agreement of August 1, 1941, we are of the opinion that the weight of the evidence supports the findings and determination of Special Term, excepting with respect to the failure to declare dividends (Special Term's findings 51 and 53; subdivision 6 of first decretal paragraph of its judgment). The Appellate Division properly reversed said findings and ruled that upon this record the refusal of the directors to declare dividends cannot be said to have been arbitrary or in bad faith (*City Bank Farmers Trust Co.* v. *Hewitt Realty Co.,* 257 N. Y. 62). Special Term also erred (subdivision 8 of first decretal paragraph of its judgment) in directing defendant George F. Robie, in this action, to repay to the corporate defendant '' the sum of fourteen hundred dollars ($1400) heretofore paid to him out of corporate funds as a payment on the purchase price of an automobile personally purchased by George F. Robie '', as this is not a stockholder's derivative action.

Accordingly, the judgment of the Appellate Division and that of Special Term should be modified in accordance with the opinion herein and, as so modified, affirmed, with costs in this court and in the Appellate Division.

LEWIS, CONWAY and DYE, JJ., concur with FROESSEL, J.; LOUGHRAN, Ch. J., DESMOND and FULD, JJ., dissent on the ground that the findings of the Appellate Division are in accord with the weight of the evidence.

Judgment accordingly. [See 301 N. Y. 731.]