■ EDWARD C. TEPERMAN, Appellant, v. HOWARD C. AMRON et al., Respondents.— In an action for a judgment declaring, *inter alia,* that a certain agreement exists between the parties, and for other relief, the appeal is (1) from an order granting respondents' motion for summary judgment dismissing the amended complaint (Rules Civ. Prac., rule 113) and dismissing

as academic appellant's cross motion to strike out the 21 defenses in the answer as insufficient (Rules Civ. Prac., rule 109, subd. 6), and (2) from the judgment entered on said order granting summary judgment dismissing the amended complaint. Order modified (a) by striking the word "granted" from the first ordering paragraph of said order and by substituting therefor the word "denied", (b) by striking the second ordering paragraph from said order, and (c) by striking the words "dismissed as academic" from the third ordering paragraph of said order and by substituting therefor the words "granted as to the nineteenth and twenty-first defenses, and otherwise denied." As so modified, order unanimously affirmed, without costs, and judgment vacated. Declaratory judgment is a proper remedy to establish the existence of an agreement like the one at bar (*Storer* v. *Ripley,* 282 App. Div. 950; see, also, *Malkenson* v. *Journal-News Corp.,* 296 N. Y. 10). In our opinion, the existence of the agreement alleged in the complaint, and the comprehensive terms thereof, could not be adequately tested in the other litigation between the parties, nor would other forms of action provide as adequate or comprehensive relief as could be obtained in this action. Under the circumstances, we believe dismissal of the amended complaint was an improvident exercise of discretion. In our opinion, all the defenses, other than the nineteenth and twenty-first, are sufficient as a matter of pleading. The nineteenth defense pleads existence of fact issues as a bar to declaratory judgment. This defense is insufficient, since fact issues are not a bar to such relief (see Rules Civ. Prac., rule 213, which provides for the resolution of fact issues in declaratory judgment actions). The twenty-first defense pleads the Statute of Frauds. It is insufficient, since the agreement here pleaded is not within the ambit of the statute (*Storer* v. *Ripley,* 282 App. Div. 950, *supra; Lockley* v. *Robie,* 301 N. Y. 371). Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.