Bernard S. Meyer, J.
Plaintiff insures the Village of Lawrence against liability with respect to the Village Park House. Defendant Voechs operates the restaurant concession at the Village Park House and is insured by ¿Etna Casualty and Surety Company against liability for bodily injury caused by accident and arising out of the “ ownership, maintenance or use of the premises, and all operations necessary or incidental thereto ’ ’. By indorsement the village is designated as an additional insured 11 but only with respect to the ownership, maintenance or use of that part of the premises occupied by the named insured * * * and operations necessary or incidental thereto ”. Exclusion (d) states that the policy does not apply “to liability assumed by the Insured under any contract or agreement” but .Paragraph V of the insuring agreements states that “Exclusion (d) does not apply to * * * any lease of premises agreement ’ ’ and similar provision is made in the indorsement with respect to the additional insured.
Defendant Dinan, while a guest at the restaurant concession, sought to use the ladies room. Entering the ladies room from the lobby she mistook the door on the far side of the room as leading to the toilets, whereas it in fact led to the locker rooms used by members of the Village Coif Club. In proceeding through that doorway, she fell, it was claimed, because the floor of the ladies room was four inches higher than the floor of the vestibule leading to the locker room. She brought an action against Voechs and the village. Boyal as the village’s insurer offered the defense to ¿Etna, but the offer was declined. The Dinan action resulted in a jury verdict for both defendants so there remains for determination in this action only the question which insurer was responsible for the defense of the action. For the reasons hereafter stated, the court holds that ¿Etna was obligated to defend both Voechs and the village. It, therefore, awards plaintiff judgment so declaring and fixing the damage to plaintiff from ¿Etna’s refusal to defend the village at $1,705.75. Since the proof does not establish the date of *597 services rendered to or payments made by Boyal, interest is not allowed.
Essentially the question is whether Mrs. Dinan’s presence at the point at which she was injured falls within the phrase ‘ ‘ use of the premises occupied by [Voeehs] * * * and operations * * * incidental thereto. ” From the use of the conjunctive, it is clear that operations incidental to use arc not confined to that portion of the premises occupied by Voeehs. “ Incidental ” means “ casual or accidental, beside the main design, occasionally ” (Curtis v. Leavitt, 15 N. Y. 9, 169). It “also has the significance of matters collateral and accessory, directly pertinent to, or in some relation to ” (Matter of Grade Crossings of N. Y. Cent. R. R. Co. [Buffalo], 271 App. Div. 266, 276, opp. dsmd. 297 N. Y. 246). Its ordinary meaning is “ Of minor importance, occasional, casual, as incidental expenses ” (People ex rel. Cantwell v. Coler, 61 App. Div. 598, 599, affd. on opn. below 168 N. Y. 643). Mrs. Dinan was in the Village Park House for the purpose of using the premises occupied by the concessionaire. Use by the concessionaire’s patrons of the toilet facilities was incidental to the concessionaire’s use of the premises and the fact that in attempting to make use of those facilities Mrs. Dinan mistakenly strayed beyond them, does not make her entry into the vestibule area any less incidental to the concessionaire’s use of the premises. To hold otherwise is to confuse the tort doctrine of foreseeability with the test governing construction of insurance contracts: — the common speech of men (Bird v. St. Paul Fire & Mut. Ins. Co., 224 N. Y. 47, 57; Lewis v. Ocean Acc. &7 Guar. Corp., 224 N. T. 18, 21).
The conclusion thus reached is buttressed by the recognition in Paragraph V quoted above that liability assumed by the named insured under any lease of premises agreement is covered. While .¿Etna’s insured, Voeehs, is in fact a concessionaire, the policy issued to her is an “ Owners’, Landlords’ and Tenants’ Liability Policy ” and in the typewritten declarations her interest in the premises is stated to be “ Tenant ”. Under -¿Etna’s own designations, therefore, her agreement of January 26, 1962 with the village is a lease of premises agreement (Madawick Contr. Co. v. Travelers Ins. Co., 307 N. YT. 111, 119). Paragraph 11-a of that agreement provides: “You shall at all times maintain a policy or policies of liability insurance with limits of at lease $100,000/$300,000 for personal injury . . . sustained (a) on the portion of the premises occupied by you, or (b) on any part of the premises (including but not limited to, the grounds, walks, porches, entrance, vestibule, halls, rest rooms, and other *598 areas open to the public) arising out of any private party arranged by you, or sustained or claimed to have been sustained by any person attending such private party. ’ ’ Within the designated $100,000/$300,000 limits, Voechs assumed liability for injury sustained “ on any part of the premises ” by a patron such as Mrs. Dinan, and because of Paragraph V of the insuring agreements JEtna is bound by that assumption (Madawick Contr. Co. v. Travelers Ins. Co., supra).
JEtna contends that its liability must in any event be limited to actual out-of-pocket expenditures and does not include any sums for services performed by Royal’s house counsel, because it is claimed it was so stipulated at a conference in chambers. Recognizing that an oral stipulation in chambers may be binding, the court does not find that what was said in chambers amounted to a stipulation to waive all except out-of-pocket expenditures. Its recollection of the conference and its finding is that the discussion occurred in an effort to adjust the matter without trial and as concerns possible waiver was equivocal.
Plaintiff is entitled to recover the reasonable cost of defense of the Dinan suit, but not for any part of the attorney’s services rendered to it in this declaratory judgment action. The court finds the reasonable value of the services of house counsel in connection with the notice of claim, answer, demand for bill of particulars, motions and notices and investigation to be $400, and the expenditures for photographs, minutes, service of process, expert consultant and attorney’s fees on examination before trial and at trial to be $1,305.75. Plaintiff is, therefore, entitled to judgment as above outlined.