Moses M. Weinstein, J.
Plaintiff in this declaratory judgment action moves for an order (1) striking defendants’ answers; (2) granting it summary judgment on its complaint; and (3) granting it a prelinminary injuction restraining defendants Mastrangelo and Ciro from proceeding in a negligence action against defendants Erie Basin Carting Co., Inc. (hereinafter referred to as “Erie”) and Raymond Strype (hereinafter referred to “ Strype ”) pending the determination of this action. Defendants Mastrangelo and Ciro cross-move for summary judgment and to dismiss the complaint.
Plaintiff issued its automobile liability insurance policy to defendant Erie. The policy, which covered a truck owned by *18 Erie, contained the standard clauses obligating plaintiff to defend and pay claims arising out of the operation of the insured vehicle and obligating Erie to co-operate with plaintiff.
On September 28, 1964 an intersection collision occurred while the insured vehicle was being operated by defendant Strype, an employee of Erie. The other vehicle involved in the accident, in which defendant Angelina Ciro was a passenger, was operated by defendant Eleanor Mastrangelo and owned by defendant Jack Mastrangelo. On October 6, 1964 Strype stated in writing to plaintiff that he was alone in the truck at the time of the accident. Thereafter, defendants Mastrangelo and Ciro commenced a negligence action in which defendant Strype appeared at an examination before trial and testified that he was alone in the truck at the time of the accident.
The liability portion of the Mastrangelo action was tried before this court and a jury in April, 1971. Strype was called as a defense witness and testified on cross-examination that his brother Robert Strype was present in the vehicle at the time of the accident. At the conclusion of defendant Strype’s testimony, the attorneys retained by plaintiff moved to withdraw as counsel for defendants Strype and Erie. The court denied the motion at that time and a jury verdict was rendered against defendants Strype and Erie. On April 28, 1971 plaintiff wrote a letter to Erie, disclaiming liability under the policy by reason of Erie’s alleged breach of the co-operation clause.
Plaintiff seeks a judgment in this action (a) declaring that it is not obligated to continue its defense of Erie and Strype in the Mastrangelo action or to pay any judgment which may be recovered against them in that action; (b) permitting the attorneys retained by plaintiff in the Mastrangelo action to withdraw; and (c) restraining defendants Mastrangelo and Ciro and their attorneys from “ taking any steps to determine their rights against the defendants Raymond Strype and Erie Basin Carting Co., Inc., until this matter and the obligations of the plaintiff herein are determined by this 'Court ”. Defendants Erie and Strype counterclaim for a judgment (a) declaring that plaintiff is obligated to continue its defense of the Mastrangelo action and to pay any judgment which may be recovered in that action; and (b) awarding the sum of $15,000 as counsel fees for the defense of the instant action by defendants Erie and Strype.
Defendant Strype breached the co-operation clause of the insurance contract by making false statements that he was alone at the time of the accident and plaintiff’s disclaimer as tty that defendant is valid. (National Grange Mut. Ins. Co. v. Ausin, 23 A D 2d 776;.General Mut. Ins. Co. v. Grempel, 17 A D *19 2d 650; Lumbermen’s Mut. Cas. Co. v. Goldwasser, 7 A D 2d 849; United States Fid. & Guar. Co. v. von Bargen, 7 A D 2d 872, affd. 7 N Y 2d 932.)
The obligations of an insurer to each insured are, however, separable and the breach of contract by Strype does not terminate its obligations to Erie (Wenig v. Glens Falls Ind. Co., 294 N. Y. 195) unless Strype was acting on Erie’s behalf at the time he made the false statements. (Albert v. Public Serv. Mut. Cas. Ins. Corp., 266 App Div. 284, affd. 292 N. Y. 633.) The uncontroverted assértions made by defendant Strype in opposition to plaintiff’s motion established that he lied as to the presence of his brother in the truck because his brother was a truant at the time of the accident and he did not wish to incur the wrath of his father who was then president of Erie.
The court holds that the statements made by Strype in his report to plaintiff and on his examination before trial may not be used against Erie since these statements were made not as an officer or employee of Erie in the discharge of official duties but on Strype’s own behalf (Albert v. Public Serv. Mut. Cas. Ins. Corp., supra), and that plaintiff may not disclaim as to Erie. Indeed, it appears that in the only statement concerning the accident made by the president of Erie, the presence of Robert Strype in the truck was truthfully reported.
Although Erie did not breach the co-operation clause of its insurance contract, neither that defendant nor defendant Strype may be awarded counsel fees in connection with their defense of the instant action. (Royal Globe Ins. Co. v. Dinan, 42 Misc 2d 595.)
As to plaintiff’s motion, the court declares that plaintiff is obligated to continue its defense of the Mastrangelo action on behalf of defendant Erie, and, within the limits of its coverage, to pay any judgment which may be recovered against Erie in that action, but that it is not obligated to continue its defense of defendant Strype in that action or to pay any judgment which may be recovered against that defendant. The counterclaim for counsel fees is dismissed and plaintiff is granted permission to have its attorneys withdraw as counsel for defendant Strype in the Mastrangelo action. In all other respects the motion is denied. (Cohen v. Hockfeld, 36 A D 2d 630.)
The cross motion is granted solely to the extent that plaintiff’s claim for an injunction is dismissed as moot inasmuch as the court has declared the rights of the parties, and is in all other respects denied.