Charles R. Rubin, J.
This action was originally one for a declaratory judgment that the defendant was required to defend the plaintiff in an action instituted in the United States District Court and for the recovery by plaintiff of the costs, expenses and counsel fees incurred in the defense of the District Court action. The District Court case having been terminated in favor of the plaintiff herein the only relief now sought is for the recovery of the costs, expenses and counsel fees.
At the trial the following facts were either presented or stipulated to by the parties.
The plaintiff Ruben Dankoff was and is a director and committee chairman of the defendant corporation, a foreign corporation doing business in this State. The defendant Bowling *659 Proprietors Assn, of America, Inc. (B.P.A.A.) is a membership corporation which is made np of persons involved in the ownership and operation of bowling centers throughout the United States and serves as a trade association for this industry.
Sometime prior to the instant action, one of the two major suppliers of bowling equipment (Brunswick) began to operate its own bowling centers in competition with those owned by members of the defendant corporation. In response to this situation, the plaintiff addressed various committees, membership meetings and meetings of the board of directors of the defendant. The substance of these speeches was to criticize the competition of Brunswick and to urge the defendant corporation to take a stand on this matter.
In 1965 an action was commenced in the United States District Court for the District of New Jersey, entitled National Bowl-O-Mat Corp. v. Brunswick Corp. This action charged Brunswick with several violations of United States antitrust laws. Brunswick interposed a counterclaim against Dankoff (plaintiff here) and others alleging that they had conspired to injure Brunswick’s business by making and publishing false statements. An examination of the pleadings in that action reveals that the false statements referred to were contained in the speeches and statements made by Dankoff to the various bodies of the defendant corporation and its affiliates. After trial in the District Court this counterclaim was dismissed as to Dankoff.
The constitution and by-laws of B.P.A.A. contain a clause which provides for indemnification against costs and expenses incurred by a director in connection with any action ‘ * in which he may be involved by reason of his being or having been a director ”.
At the time of the institution of the District Court action and the pleading of the counterclaim, Dankoff demanded that the B.P.A.A. provide him with defense counsel, based on the foregoing clause. The defendant corporation refused to in any way become involved in that litigation.
Consolidated Mutual Insurance Co. (Consolidated) at the time in question had a contract of insurance with certain corporations of which Dankoff was president, affording indemnification for liability due to libelous and slanderous statements made by officers of those corporations acting within the scope of their duties as such. After the refusal by the defendant to provide defense counsel, Dankoff attempted to avail himself of the benefits of these insurance policies. Consolidated disclaimed, con *660 tending that it was not responsible for the acts complained about. Eventually a “Mutual Non-Waiver Agreement” was entered into between Consolidated and Dankoff whereby Consolidated would pay one half of the expenses of defense of the counterclaim, reserving its rights to disclaim and to subroga- , tion to the rights of Dankoff.
Two issues are presented in this action.
Whether Dankoff is entitled to be indemnified by the B.P.A.A. under the clause in dispute, and whether, if Dankoff is found to be entitled to indemnification, it shall include the amount paid by Consolidated.
The clause in the constitution and by-laws of the defendant corporation which provides for indemnification of directors adheres to the language set forth in section 723 of the Business Corporation Law. Section 1319 of the Business Corporation Law makes section 723 applicable to foreign corporations doing business in New York.
To enable a director to obtain the benefits of such indemnification and to be reimbursed for the expense of contesting an action against him, it must be “by reason of his being or having been a director” (Spring v. Moncrieff, 10 Misc 2d 731; Business Corporation Law, § 723). Thus, the basis for the original suit must be derived from acts committed by him while serving as a director (Leven v. Birrell, 92 F. Supp. 436). The court finds as a matter of fact that at all times mentioned in the original action, Dankoff was acting in good faith, and for the best interests of the B.P.A.A. in his capacity as director and, that he was made a defendant in the counterclaim by reason of his having been a director of the defendant corporation.
Though it has been shown that some of the other officers and directors of the defendant corporation did not want the plaintiff to make the charges that he made, it is obvious that Dankoff believed his acts to be in the best interests of the defendant corporation and its members. A director has a duty to act in what he believes to be the best interests of the corporation and its stockholders (members) (Business Corporation Law, § 717; Lockley v. Robie, 276 App. Div. 291, mod. on other grounds 301 N. Y. 371; Heller v. Boylan, 29 N. Y. S. 2d 653, affd. 263 App. Div. 815). Whatever the motives of some of the other directors were, in not wishing the corporation to take a stand against the actions of Brunswick, it was Dankoff’s right to urge the adoption of a resolution embodying his *661 charges, and to inform the other members of the facts which were known to him.
As to the portion of the expenses that may be recovered by Dankoff, the defendant urges this court to adopt the reasoning and to follow the decision in Wanamaker v. Otis Elevator Co. (228 N. Y. 192). There it was held that an insurer who was subrogated to the rights of its assured cannot recover the costs of defending an action from one who would otherwise be liable to indemnify the assured. This determination was predicated upon the contract of insurance which had separate clauses applying to indemnity for loss, and to the defense of suits. The court there decided that the defense of a lawsuit was a primary obligation of the insurer.
While this statement of law has not been reviewed by the New York Court of Appeals since 1920, several subsequent courts have rejected this theory in recent years. A fine discussion of New York law on this point may be found in the matter of Crowley’s Milk Co. v. American Mut. Liab. Ins. Co. (313 F. Supp. 502, 507-508). In that ease Judge Dooling of the United States District Court, Eastern District of New York, stated that New York has now rejected the Wanamaker case (supra) and has adopted the rules of California and Illinois which allow recovery of legal fees by an insurer from a primary indemnitor. Judge Dooling further held (p. 508) that an excess insurer could not as a matter of law be excluded from a right to be reimbursed by the primary insurer for ‘ ‘ incurred costs of defense either by reason of the fact that it could not be entitled to recover them as a subrogee of plaintiff or by reason of the fact that in view of the stated amount of the * * * claim and * * * [its] coverage of plaintiff as excess insurer it had, or may have had (and has, or may have), a duty to defend against, or to share the defense of, the * * # claim ”.
The Appellate Division, Second Department, in the case of Fidelity Gen. Ins. Co. v. Aetna Ins. Co. (27 A D 2d 932) has cited Ohio and Illinois cases in reaching the conclusion that an insurance company “ as excess insurer, in discharging defendant’s obligation, was entitled to be reimbursed for the reasonable expenses thereof as equitable subrogee to the rights of the insured”. The defendant in that case had urged the court to follow the principles laid down in the Wanamaker case (supra), but the court decided to follow equitable principles as set forth above (see records and briefs, App. Div. 2d Dept., vol. 3220, No. 5 — defendant-appellant’s brief, point III, p. 7). The same principles had earlier been set forth by the Supreme Court, *662 Nassau County, in Royal Globe Ins. Co. v. Dinan (42 Misc 2d 595).
The recent case of Smoral v. Hanover Ins. Co. (37 A D 2d 23), Appellate Division, First Department, held that where an insurer breaches its duty to defend an insured, ‘ ‘ the reasonable value of such services would seem an incontestable item of damage ” to be recovered by the insured even though they were paid by a second insurer.
Assume that Consolidated (with the Wanamaher case in mind) sat back and refused to contribute to the cost of the defense. In that circumstance the defendant would be without the defense it now interposes. Because the plaintiff had the foresight to procure and pay for other insurance should not relieve the defendant of its obligation to indemnify the plaintiff whether the cost of the defense was paid by the plaintiff or Consolidated. Otherwise it would encourage an insurer to refuse to defend — sit back — leave the insured to his own resources and thus have a chance that the costs of the defense would be provided by another insurer at no expense to the one who breaches its contract. Certainly one who breaches his obligation should not be permitted to profit at the expense of an insured or of an insurer which discharges its obligations (Continental Cas. Co. v. Zurich Ins. Co., 57 Cal. 2d 27).
To continue the Wanamaker ease rationale would in the opinion of this court encourage breach of contractual obligations. Certainly this could not have been the intent of the court in Wanamaker.
This court finds that B.P.A.A. had an obligation under its constitution and by-laws to provide a defense for Dankoff. A breach of this duty placed them in a similar position to that of the insurance companies in the above-mentioned authorities. Consolidated by paying párt of the costs of the defense, while reserving its rights to subrogation is in the position of an excess insurer.
This being a court of equity, it will not permit the defendant to benefit from plaintiff’s possession of other insurance used only after the breach of defendant’s duty to plaintiff. To allow B.P.A.A. to refuse to pay for the defense of an action, for acts of a director admittedly made in the best interests of the corporation and on its behalf, is unconscionable.
The reasonableness of the amount claimed as expenses of the defense of the prior action not being in issue, judgment is awarded to plaintiff in the amount requested.