■ PUERTO RICO HOLDING CORP., Plaintiff, v. GAIR HOLDING CORPORATION, Defendant and Third-Party Plaintiff-Appellant. SECURITY TITLE AND GUARANTY COMPANY, Third-Party Defendant-Respondent.— In an action for partition, the appeal is from an order of the Supreme Court, Putnam County, entered April 26, 1973, which granted a motion of third-party defendant to dismiss the causes of action in the amended third-party complaint. Order affirmed, without costs. It was conceded in the briefs on this appeal that plaintiff is the alter ego of the third-party defendant. That concession was repeated on the argument of this appeal. Since the allegations of the amended third-party complaint merely mirror those of the affirmative defenses of the answer, all of the issues arising by reason of the third-party complaint can be determined in the primary action. Gulotta, P. J., Martuscello, Latham and Shapiro, JJ., concur; Hopkins, J., concurs in the affirmance of the dismissal as to the first cause of action asserted in the amended third-party complaint, but otherwise dissents and votes to modify the order so as to deny the motion as to the second cause of action, with the following memorandum: The third-party defendant (Security), as an insurer of Joseph August and others, assignors of the third-party plaintiff (Gair), would be entitled, by subrogation, to August's rights against Gair upon payment to August of his damages under the policy of title insurance (cf. *Costello* v. *New York Cent. & Hudson Riv. R. R. Co.*, 238 N. Y. 240; *Globe Ind. Co.* v. *Atlantic Lighterage Corp.*, 244 App. Div. 97, affd. 271 N Y 234; *Wanamaker, New York, Inc.*, v. *Otis Elevator Co.*, 228 N. Y. 192). However, August sustained no loss with respect to the sale to Gair, as Gair acquired title by a bargain and sale deed, without warranty by August concerning his title. August's loss arose from grants made to others in which a warranty of title was included. Hence, August's claim against Security in no wise involved Gair or the property conveyed to Gair by August; and, by the same token, Security could not press any remedy through subrogation flowing from August against Gair or that prop-

erty owned by Gair. Indeed, August, in my judgment, would be precluded from enforcing any rights against Gair in the event August acquired an outstanding interest in the property subsequent to his conveyance to Gair. Although the deed of conveyance did not contain a warranty of title by August, it did include a covenant by August that he "has not done or suffered anything whereby the said premises have been encumbered in any way whatever". By statute, this covenant is construed to mean that "the grantor has not \* \* \* done \* \* \* any act \* \* \* whereby [the] premises \* \* \* at any time hereafter shall or may be impeached, charged or incumbered in any manner or way whatsoever" (Real Property Law, § 253, subd. 6). It is old law that a grantor, who warrants title in conveying to a purchaser, may not thereafter acquire an interest in the land outstanding in another at the time of the conveyance to the detriment of his purchaser (*Tefft* v. *Munson*, 57 N. Y. 97; *Jacobs* v. *Fowler*, 135 App. Div. 713). The reason for the rule lies in an estoppel against the grantor from harming the title which he had theretofore conveyed. Though it has been said that a quitclaim deed would not operate to create the same result (*House* v. *McCormick*, 57 N. Y. 310, 321), the reasoning underlying the rule supports an estoppel against one who convenants that a title has not beeen encumbered by his own act. Surely, the covenant should be enforced, as the intention of the parties suggests, and as the statute provides, to prevent a prospective deprivation of the title of the purchaser by the act of the grantor to vest himself with an interest hostile to the purchaser. Since Security as insurer of August's title obtains no rights better than those that August would possess (*American Sur. Co. of N. Y.* v. *Town of Islip*, 268 App. Div. 92, 94), by its acquisition of the outstanding interest it assumes the status of an intermeddler vis-à-vis Gair and breaches the statute forbidding a corporation to purchase a claim for the purpose of suit (Judiciary Law, § 489; cf. *Fairchild Hiller Corp.* v. *McDonnell Douglas Corp.*, 28 N Y 2d 325, 330). Thus, the second cause of action, based on this course of conduct, is sufficient in law. Even though the facts may also present a defense to the partition action, Gair is entitled to pursue its remedy so as to obtain affirmative relief, including the recovery of any damage that it may be able to show.